**STRONG v. HUFF, General Superintendent, D. C. Penal Institutions.**

No. 8766.

United States Court of Appeals District of Columbia.

Argued March 12, 1945.

Decided April 23, 1945.

Mr. Warren E. Magee, of Washington, D. C. (appointed by this Court), for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

The court below denied a petition for habeas corpus without a hearing. The petitioner alleged that an incriminating statement obtained from him during his unlawful detention in violation of the rule in McNabb v. United States [1] was improperly used at his former trial. He further alleged that his attorney conducted the trial so incompetently as to deprive him of the effective assistance of counsel. He finally alleged that although the record contained reversible error affecting his constitutional right, his counsel either through ignorance or malice did not take an appeal.

There is no transcript of the proceedings in the former trial. Therefore, if this petition is heard it must be on a record consisting entirely of the recollections of the persons who testify as to what went on at the former trial. The situation is typical of a large number of cases which have come before this court. We assume at the outset that it is possible that a competent and responsible attorney regularly appointed by the court may so entirely neglect his duty as to make the trial itself "offend those canons of decency" which constitute due process of law.[2] The question here, however, is whether such an issue may be raised on collateral attack in the absence of a transcript of the proceedings. To permit reconstruction of the record by conflicting oral testimony in such a case would raise a serious practical problem in the administration of justice. In this case the trial took place nearly four years ago. It is unlikely that the judge who presided would have much recollection about the proceedings. If a hearing were held on the present petition, the court would probably have before it only the conflicting oral testimony of petitioner and his former attorney, if he is available.

For this reason we believe that, in the absence of exceptional circumstances surrounding the trial, the presumption in favor of the regularity of judicial proceedings must be held to prevent a review of the admission or exclusion of evidence, or of the conduct of an attorney during the trial unless there is a written transcript of the proceedings or some other form of certification or agreement which makes reconstruction of the record by oral testimony

[1] 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

[2] Malinski v. People of State of New York, 65 S.Ct. 781 (concurring opinion of Mr. Justice Frankfurter). Cf. Diggs v. Welch, — U.S.App.D.C. —, 148 F.2d 667.

unnecessary.[3] The exceptional circumstances which might rebut the presumption of regularity of the proceedings would include matters like mob violence or great public prejudice in the community or improper conduct on the part of the prosecuting attorney.[4] For example, had the circumstances in the case been comparable to the Scottsboro case (Powell v. Alabama) or the Mooney case a foundation would have been laid to supply the absence of a written transcript by oral testimony. Furthermore, our present ruling would not extend to a case where the petitioner had been deprived of the assistance of counsel guaranteed by the Sixth Amendment.[5] None of these circumstances are disclosed by the petition here.

It is to be hoped that the recent legislation providing for court reporters [6] will prevent cases coming before the court in the future without an authoritative record of what happened at the trial.

The judgment of the court below denying the petition will be

Affirmed.

---

[3] Cf. Cochran v. Kansas, 1942, 316 U.S. 255, 256, 62 S.Ct. 1068, 86 L.Ed. 1453.

[4] Moore v. Dempsey, 1923, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Powell v. Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Brown v. Mississippi, 1936, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

[5] Diggs v. Welch, supra, note 2.

[6] 58 Stat. 5, 28 U.S.C.A. § 9a.