**HELMS v. HUMPHREY, Warden.**

**Civ. No. 977.**

District Court, D. Minnesota, Third Division.

Nov. 13, 1945.

No attorney for petitioner.

Victor E. Anderson, U. S. Atty., and James J. Giblin, Asst. U. S. Atty., both of St. Paul, Minn., for respondent.

DONOVAN, District Judge.

The petitioner does not set forth any facts to show that he has been denied any federal constitutional rights, due process or otherwise.

 Petitioner claims that he became temporarily insane on the night of November 8, 1944, at Waco, Texas, and thereupon transported a stolen automobile to Omaha, Nebraska, and that he was insane at the time of his trial at Omaha, presumably when he pleaded guilty to this Dyer Act violation, Title 18 U.S.C.A. § 408, which carries a maximum sentence of five years imprisonment.

Petitioner goes on to say:

"I was then advised by my lawyer not to make a plea of insanity because it was not the proper time although I had given him a history of temporarily unbalanced mind since my earliest childhood, but he refused to accept such plea because at that time he believed me to be sane. Therefore, he hinted that I would be sentenced to one year if I would plead guilty before the Court. To this I agreed and he advised me to do so as soon as possible.

"On Saturday, May 31, 1945, I appeared before Judge Donahue to receive sentence. My lawyer, Mr. O'Sullivan, then spoke in my behalf before the Court, reversing his opinion as to my sanity, and also stating that he believed I was not responsible for my actions at the time the crime was committed and at the time of sentencing. The Court refused to accept this explanation from my lawyer on the grounds that in its opinion, I was a normal person and very sane, that I had known what I was doing at the time of the crime, and that I also knew that I was about to be sentenced. I was thereupon sentenced to three years and was thereafter placed in the Federal Correctional Institution at Sandstone, Minnesota, where I am now incarcerated."

These facts do not warrant the issuance of a writ of habeas corpus. The sentence of three years was within the limits of the Dyer Act.

Petitioner was represented by counsel when the plea of guilty was entered and when sentence was pronounced. The Court had jurisdiction of the petitioner and of the offense and the sentence was a lawful one. A plea of not guilty and defense of insanity could have been interposed but petitioner, under advice of counsel, waived the defense of insanity and entered a plea of guilty.

 It is not a ground for habeas corpus that counsel made a mistake or was negligent or gave bad advice to his client. Petitioner was not thereby deprived of assistance of counsel as provided by the Sixth Amendment nor of the benefits of the due process clause. Diggs v. Welch, App.D.C., 148 F.2d 667.

"Where one seeks discharge from confinement after conviction for an offense upon an application for a writ of habeas corpus, the only questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. A habeas corpus proceeding cannot be employed as a substitute for appeal." Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732.

Petitioner says that his counsel hinted that he would get one year if he entered a plea of guilty. This is no more than to say that counsel expressed the opinion that a sentence of one year would be imposed, and falls short of stating facts that would justify a claim of denial of due process by duress. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed 1302; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Aderhold v. McCarthy, 5 Cir., 65 F.2d 452.

"Under the statute governing habeas corpus, the writ may be denied if, upon the face of the petition, it appears that the petitioner is not entitled to it." See Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830.

Accordingly, the Court has ordered the petition dismissed without a hearing as was done in the case of Guy v. Utecht, D.C., 54 F.Supp. 287; 8 Cir., 144 F.2d 913.