### UNITED STATES v. BLOOM.
#### No. 35, Docket 20670.

Circuit Court of Appeals, Second Circuit.

Dec. 2, 1947.

Simon Bloom, pro se.

John F. X. McGohey, U. S. Atty., of New York City (William M. Regan, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, CHASE and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The appellant, a physician duly licensed to practice in New York, was convicted in November 1945, after a jury trial, on three counts of an indictment charging the sale of narcotic drugs in violation of 26 U.S.C.A. Int.Rev.Code, § 2554. Sentence was adjourned to December 14, 1945 when a sentence of imprisonment for a year and a day was imposed. On the same date Judge Moore, the trial judge, denied the defendant's motion to vacate the verdict of the jury and dismiss the indictment. On December 18, 1945, he filed notice of appeal from the judgment of December 14th, but the appeal was never perfected. On January 22, 1946 there was filed in the district court the defendant's election to serve his sentence, and he served it. In April 1947, several months after his release from imprisonment, he moved before Judge Bondy to set aside the jury's verdict. This motion was denied on April 28, 1947. Thereafter a motion was made for reconsideration of the denial by Judge Moore of the December 1945 motion and the denial by Judge Bondy of the April 1947 motion. This motion was denied May 14, 1947. By notice of appeal filed May 19, 1947 he appeals from denial of his motions on December 14, 1945, April 28, 1947 and May 14, 1947.

■ In consideration of the fact that the appellant, who is not a lawyer, is prosecuting this appeal pro se and in forma pauperis, counsel for the appellee has not urged that this appeal is so untimely as to preclude a review of the trial of the case. However the matter of our appellate jurisdiction is one which we must take up sua sponte. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338; Mosier v. Federal Reserve Bank of New York, 2 Cir., 132 F.2d 710.

■ Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, requires an appeal by a defendant to be taken within 10 days after entry of the judgment appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10 day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the same. The time limits fixed by the Rules are jurisdictional. Fewox v. United States, 5 Cir., 77 F.2d 699; Burr v. United States, 7 Cir., 86 F.2d 502, certiorari denied 300 U.S. 664, 57 S.Ct. 507, 81 L.Ed. 872; O'Gwin v. United States, 9 Cir., 90 F.2d 494. Plainly the notice of appeal filed on May 19, 1947 was too late to bring up for review the judgment of conviction or the denial of the motion for a new trial entered on December 14, 1945.

■ Rule 33 of the Federal Rules of Criminal Procedure requires a motion for a new trial based on any other ground than newly discovered evidence to be made within five days after verdict or within such further time as the court may fix during the five day period. The April 1947 motion to set aside the verdict was in substance a motion for a new trial because of errors alleged to have been committed at the trial. It was obviously so untimely that Judge Bondy could do nothing but deny it. See Reid v. United States, 5 Cir., 149 F.2d 334 And the motion in May for reconsideration was also necessarily denied.

■ Although the untimeliness of these motions is sufficient reason for their affirmance, we have, out of sympathy for the appellant's dismay at losing his license as a physician because of his conviction, examined the trial errors of which he complains. None of them would have justified granting the motion, even if it had been timely. His main contention, that he cannot be convicted

of illegal selling when all he did was to write prescriptions for patients as he might lawfully do under 26 U.S.C.A. Int.Rev. Code, § 2554 (c) (1), is fully met by authoritative decisions. Jim Fuey Moy v. United States, 254 U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214; United States v. Lindenfeld, 2 Cir., 142 F.2d 829, certiorari denied 323 U.S. 761, 65 S.Ct. 89, 89 L.Ed. 609; United States v. Abdallah, 2 Cir., 149 F.2d 219, certiorari denied 326 U.S. 724, 66 S.Ct. 29, 90 L.Ed. 429. The trial was fairly conducted and the jury correctly instructed. The court's mistake in saying that McGrath got a prescription for 24 tablets instead of 12 was not a prejudicial error since the jury were instructed that their recollection of the evidence was to control in determining the facts. As to the other contentions of the appellant, it will suffice to say that none is meritorious.

The appeal from the order of December 14, 1945 is dismissed; the other orders on appeal are affirmed.