84

## UNITED STATES v. FROEHLICH.
### No. 123, Docket 20268.

Circuit Court of Appeals, Second Circuit.

Jan. 26, 1948.

David S. Kumble and George C. Dix, both of New York City, for appellant.

John F. X. McGohey, U. S. Atty., of New York City (William M. Regan, Asst. U. S. Atty.; of New York City, of counsel), for appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The appellant was convicted on March 6, 1942 in the District Court for the Southern District of New York on an indictment charging that he had conspired with others, contrary to the provisions of Sec. 34 of Title 50 U.S.C.A., commonly known as the Espionage Act, to violate Sec. 32 of that Title. He moved at once to set aside the verdict. This motion was denied and he was, on March 13, 1942, sentenced to imprisonment for a term of twenty years. He took no appeal but began serving his sentence and is still doing so. The term of court was by order kept open for the duration of his sentence.

On April 21, 1947 he moved in the alternative to set aside the verdict and to dismiss the indictment or for leave to reargue his motion of March 6, 1942, to set aside the verdict. This motion was denied on May 5, 1947 and on May 13, 1947 a formal order to that effect was entered. He did not appeal. Finally, on June 5, 1947, he moved "for a reargument of said motion, and upon such reargument for an order granting the relief originally prayed for by the defendant, Rene Froehlich." This motion was denied on July 14, 1947 and the next day he filed a notice of appeal from the order of May 13, 1947 and from the order of July 14, 1947.

The appeal from the first of these orders must be dismissed. It was too late under Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, 327 U.S. 857, and that is a jurisdictional defect. United States v. Bloom, 2 Cir., 164 F.2d 556.

The motion of June 5, 1947 which was denied on July 14, 1947 was in form and fact but a motion to reargue the previous motion and was made after the time had passed within which an appeal from

the former motion could have been taken. Its denial was discretionary and the order could be reviewed only for an abuse of discretion. Since the motion of April 21, 1947 was itself untimely [1] and since the record shows no new matter which was relied on to support the motion for reargument, there is nothing to indicate any abuse of discretion. Indeed, it might be thought, not without reason, that the last motion was made because the time to appeal from the order of May 13th, had expired. As an attempt to extend that time as limited by Rule 37(a) (2), supra, it was futile. United States v. Bloom, supra.

Appeal from the order of May 13th dismissed. The order of July 14th affirmed.

---

[1] Whether treated as a motion for a new trial or one in arrest of judgment.

Rules 33, and 34, Federal Rules of Criminal Procedure. 327 U.S. 855, 856.