## UNITED STATES v. WIGHT.

### No. 277, Docket 21347.

United States Court of Appeals
Second Circuit.

Argued June 15, 1949.

Decided July 26, 1949.

---

Before SWAN and CHASE, Circuit Judges, and SMITH, District Judge.

Richard H. Kuh, of New York City, for appellant.

Bruno Schachner, Asst. U. S. Atty., of New York City (John F. X. McGohey, U. S. Atty., of New York City, on the brief), for appellee.

SMITH, District Judge.

This is an appeal from an order entered February 28, 1949 in the District Court for the Southern District of New York, denying, without an opinion, a petition pursuant to 28 U.S.C.A. § 2255 to set aside a judgment of conviction and sentence imposed under indictment C 128-345. Affirmed.

Petitioner was sentenced November 22, 1948 in the District Court for the Southern District of New York on pleas of guilty to a criminal information and two indictments.

In case C 128-264, on a plea of guilty to an information charging illegal wearing of an Army uniform, 18 U.S.C.A. § 702, he was sentenced to six months' imprisonment.

In case C 128-344, on a plea of guilty to an indictment in one count charging false registration under the Selective Service Act, 50 U.S.C.A.Appendix, § 462, imposition of sentence was suspended and he was placed on probation for three years to commence on termination of sentence on count one of C 128-345.

In case C 128-345, on a plea of guilty to an indictment in five counts charging the obtaining of things of value in the pretended character of an officer or employee of the United States, 18 U.S.C.A. § 76 (1946), 18 U.S.C.A. § 912 (1948), he was

sentenced to imprisonment for three years on the first count, to follow the six months' sentence on the information, and on the other four counts was placed on probation for three years thereafter, concurrently with the probationary period on the Selective Service indictment, C 128-344.

At the first call of the calendar on November 22, 1948, counsel for the defendant was assigned by the Court. The defendant alleges by his petition that he conferred with his counsel for about fifteen minutes during the period from counsel's assignment at the first call of the calendar to the time when the defendant's case was reached on the second call of the calendar.

Counsel was advised that the defendant admitted obtaining articles of value by masquerading as an enlisted man of the Air Force. Counsel was of the opinion that an enlisted man of the Air Force fell within the definition of an officer or employee of the United States in the prohibition of the statute. The defendant at first disagreed and was unwilling to plead guilty to that charge. The defendant changed his mind upon the reading of the charge in open court, however, and pleaded guilty to each of the five counts of that indictment (C 128-345). Counsel, surprised by defendant's plea of guilty to the first count, called the attention of defendant and Court to the earlier unwillingness to plead guilty and explained the reason for defendant's earlier hesitancy and counsel's advice upon the law.[1]

The Court agreed with counsel's interpretation of the statute and accepted the guilty plea.

Motion to vacate and correct sentence under indictment C 128-345, pursuant to 28 U.S.C.A. § 2255, on the grounds that he had not pleaded guilty, that his plea was obtained by fraud, and that he did not have effective representation by counsel, was denied. From that denial this appeal is taken.

Counsel assigned for the appeal no longer denies that a plea of guilty was entered nor contends that it was obtained by fraud. He strenuously contends, however, that petitioner did not receive the effective services of counsel contemplated by the constitutional guarantees. Constitution of the United States, Amendments V, VI.[2] He argues that the short time available for conference, fifteen minutes, and advice by counsel without taking the trouble to study the section of the statute under which defendant was charged or interpretations of it in the courts, demonstrate a mere perfunctory and formal representation, in violation of the constitutional guarantees of assistance of counsel and assurance of due process. There can be no quarrel with the proposition that the right to counsel means the right to the conscientious services of competent counsel. Von Moltke v. Gillies, 332 U.S. 708, 722-723, 68 S.Ct. 316, 92 L.Ed. 309; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Johnson v. Zerbst, 304 U.S. 458, 462-463, 58 S.Ct. 1019, 82 L.Ed. 1416, 146 A.L.R. 357; Willis v. Hunter, 10 Cir., 166 F.2d 721, cert. den. 334 U.S. 848, 68 S.Ct. 1499, 92 L.Ed. 1772. Mere perfunctory appearance for a defendant is not enough. Powell v. Alabama, supra, 287 U.S. at pp. 58, 71, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Glasser v. U.S., 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680; Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377; Johnson v. U.S., 71 App.D.C. 400, 110 F.2d 562. U.S. ex rel. Foley v. Ragen, D.C., 52 F.Supp. 265, 270.

Here, however, in spite of the shortness of the time, the appearance was not perfunctory. There is shown no lack of knowledge by counsel of either the facts or the law upon which counsel advised his client.

Counsel's view of the law was a correct one. The language of the statute[3] has been construed broadly in harmony with its aim, which is "not merely to pro-

---

[1] Transcript of proceedings before Judge Medina, November 22, 1948, pp. 2-3.

[2] Constitution of the United States, Amendment, VI: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, * * * and to have the Assistance of Counsel for his defence."

[3] 18 U.S.C.A. § 76 (1946), 18 U.S.C.A. § 912 (1948).

tect innocent persons from actual loss through reliance upon false assumptions of federal authority, but to maintain the general good repute and dignity of the service itself." U. S. v. Barnow, 239 U.S. 74, 80, 36 S.Ct. 19, 22, 60 L.Ed. 155; Lamar v. U. S., 241 U. S. 103, 36 S.Ct. 535, 60 L. Ed. 912; U. S. v. Lepowitch, 318 U.S. 702, 704, 63 S.Ct. 914, 87 L.Ed. 1091; Ekberg v. U. S., 1 Cir., 167 F.2d 380, 386–388.

■ The statute plainly prohibits any false assumption or pretense of office or employment under the authority of the United States in any department or office in the government when done with intent to defraud and accompanied by any of the specified acts in the pretended character. By its language the statute does not require that allegations of impersonation of government officials be specific, or limited to a particular person or class of persons. Allegations couched in the most general of terms will suffice. U. S. v. Lepowitch, supra, 318 U.S. at page 704, 63 S.Ct. at page 916, 87 L.Ed. 1091.

■ The statute was broadly interpreted by defendant's counsel who concluded, and properly so, that one who falsely impersonated an enlisted man in the Air Force was holding himself out as an employee of the United States and, if he had done so with intent to defraud, and committed any of the acts specified therein, he was within the condemnation of the statute. An enlisted man is no less chargeable under the statute merely because, by its language, it also includes officers. The defendant was not deceived in any way on his plea, nor was he deprived of any advantage in the way of representation to which he was entitled.

Notwithstanding the relatively short amount of time spent by counsel with the defendant, and the absence of any research on the syntax of the statute, counsel, led by his own experience and judgment, arrived at the correct answer. Certainly the amount of time and effort of preparation required to provide effective representation will vary with the nature of the charge, counsel's familiarity with the law applicable and the facts.[4]

■ Moreover, time consumed in oral discussion and legal research is not the crucial test of the effectiveness of the assistance of counsel. The proof of the efficiency of such assistance lies in the character of the resultant proceedings, and unless the purported representation by counsel was such as to make the trial a farce and a mockery of justice, mere allegations of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for the issuance of a writ of habeas corpus or the granting of a petition pursuant to 28 U.S.C. 2255.[5] U. S. ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976, Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14, 15. Diggs v. Welch, 80 U.S.App. D.S. 5, 148 F.2d 667, cert. den. 325 U. S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002. Strong v. Huff, 80 U.S.App.D.C. 89, 148 F.2d 692, cert. den. 326 U. S. 768, 66 S.Ct. 165, 90 L. Ed. 463; Helms v. Humphrey, D.C., 63 F. Supp. 4, 5.

A lack of effective assistance of counsel must be of such a kind as to shock the conscience of the Court and make the proceedings a farce and mockery of justice. Diggs v. Welch, supra. U. S. ex rel. Foley v. Ragen, supra, 166 F.2d at page 981. The circumstances surrounding the plea in the instant case were not of such a nature.

[4] Appointment of counsel for an indigent one minute before the commencement of the trial was held to be insufficient. U. S. v. Helwig, 3 Cir., 159 F.2d 616, 618. Each case, however, must be examined individually as the Supreme Court suggested by its language in Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377. Whether the time for consultation was enough should depend upon the nature of the case. Maye v. Pescor, 8 Cir., 162 F.2d 641, 643.

[5] The cases cited for the proposition involve generally the sufficiency of a petition for the writ of habeas corpus, whereas, here, the petitioner has invoked the remedies on motion attacking sentence provided for by 28 U.S.C.A. § 2255, which rendered the use of the writ unnecessary under these circumstances. Except for the procedural difference, the cases are in point and the law applicable in the instant case.

We appreciate the great industry and talent shown by assigned counsel in presenting the constitutional questions before us. We do not find, however, any lack of effective representation by counsel at the time of plea and sentence in C 128–345. We, therefore, hold that the ruling of the Court below, denying the motion to vacate and correct the sentence in C 128–345, was right and proper.

Affirmed.