**UNITED STATES of America**
v.
**Simon BLOOM, Defendant.**

United States District Court
S. D. New York.

Oct. 2, 1956.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, for the United States.  Edward R. Cunniffe, Jr., Asst. U. S. Atty., New York City, of counsel.

Simon Bloom, New York City, defendant-petitioner, pro se.

LEVET, District Judge.

This is a motion for a writ of error coram nobis by the above-named defendant, Simon Bloom, to secure an order vacating a judgment of conviction signed on December 14, 1945, whereby he was sentenced to serve a year and a day in jail.

The facts are as follows:

The defendant was indicted on May 14, 1942, under twelve counts, charging the sale of narcotics in violation of Title 26 U.S.C.A. § 2554.  He pleaded not guilty on June 10, 1942.  The trial was delayed at the request of the defendant because of illness; it commenced on October 29, 1945, and on November 2, 1945, the jury returned a verdict of guilty on counts 9, 11 and 12 of the indictment.  Sentence was on December 14, 1945.

A motion to set aside the verdict of guilty was denied on December 14, 1945.  A notice of appeal was filed on December 18, 1945, but the defendant subsequently elected to serve his sentence; the appeal was not prosecuted and it was dismissed in 1950.

Subsequently, other motions were made by the defendant to set aside the verdict.  On April 28, 1947, one such motion was denied by Judge Bondy of this Court.  A motion for reargument of this motion was denied by Judge Bondy on May 14, 1947.  A motion to reargue the motion denied on December 14, 1945, as well as the two motions decided by Judge Bondy were also denied.

On May 19, 1947, the defendant filed a notice of appeal from the denial of his 1945 motion by the Trial Court, Judge Moore, and from the denial of motions by Judge Bondy.  The opinion of the Court of Appeals is printed at 2 Cir., 164 F.2d 556.  The Court, although the appeal from the 1945 motion was un-

timely, affirmed the denial of the 1947 motions on the ground that they likewise were untimely, examined the merits and ruled that there was no merit in the applications. Certiorari was denied by the United States Supreme Court in 333 U.S. 857, 68 S.Ct. 726, 92 L.Ed. 1137.

On August 22, 1949, the defendant again moved for similar relief, which motion was denied by Judge Clancy on August 29, 1949. An appeal was taken but subsequently dismissed. Again, on April 9, 1952, the defendant moved in the Circuit Court of Appeals for relief, which was denied.

It would appear, therefore, that the defendant has certainly had his day in court.

Apparently, the alleged bases of this application are:

(1) Alleged errors in the Judge's charge to the jury and alleged misinterpretation of the penal sections involved; in other words, errors of law; and

(2) A contention that the defendant was represented inadequately by counsel.

■ As to the first basis of this application, it would appear that it is elementary that a motion in the nature of an application for a writ of error coram nobis cannot be availed of in lieu of a writ of error or appeal to correct errors committed in the course of a trial, even though such errors relate to constitutional rights. It is only when there has been a denial of the substance of a fair trial that the validity of the proceedings may be thus collaterally attacked or questioned by motions in the nature of a petition for a writ of error coram nobis. United States v. Walker, 2 Cir., 1952, 197 F.2d 287; Howell v. United States, 4 Cir., 1949, 172 F.2d 213.

The Court of Appeals of the State of New York has also clearly indicated that a defendant may not by coram nobis attack a judgment of conviction where the asserted error could have been reviewed by appeal. People v. Sadness, 300 N.Y. 69, 89 N.E.2d 188, certiorari denied 338 U.S. 952, 70 S.Ct. 483; 94 L.Ed. 587;

People v. Kendricks, 300 N.Y. 544, 89 N.E.2d 257. In the Kendricks case, the defendant sought by writ of error coram nobis to vacate a judgment rendered upon a verdict convicting him of three crimes of feloniously selling narcotic drugs. The defendant asserted that his right of confrontation by witnesses and due process of law under the State and Federal Constitutions had been violated by the Court's failure to have an informer produced. The Trial Court denied the application, saying that since the alleged violation of constitutional rights could have been reviewed upon an appeal by the defendant from the judgment of conviction, an application in the nature of a writ of error coram nobis was not available. The Court of Appeals affirmed upon the same ground, citing People v. Sadness, 300 N.Y. 69, 89 N.E. 2d 188.

In any event, it does not appear that alleged errors of law exist. See Jin Fuey Moy v. United States, 254 U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214; United States v. Bloom, 2 Cir., 1947, 164 F.2d 556; United States v. Lindenfeld, 2 Cir., 1944, 142 F.2d 829, certiorari denied 323 U.S. 761, 65 S.Ct. 89, 89 L.Ed. 609; United States v. Abdallah, 2 Cir., 1945, 149 F. 2d 219, certiorari denied 326 U.S. 724, 66 S.Ct. 29, 90 L.Ed. 429.

■ As to the second ground under which this motion has been brought, it would appear that there is no ground for the assertion that the defendant was deprived of the right to counsel. On the other hand, it affirmatively appears that one Harry M. Krokow, Esq., filed a notice of appearance in behalf of the defendant and a consent for the substitution in place and stead of the defendant's former attorney, Bernard Austen, and that the defendant was represented by the said attorney Krokow at the trial of this action.

■ The record indicates that the defendant was represented by counsel, presumably of his own choice, of good standing and presumptively competent. See United States ex rel. Feeley v. Ragen,

7 Cir., 1948, 166 F.2d 976. Minton, then Circuit Judge, subsequently, until recently, a Justice of the United States Supreme Court, stated the general rule as follows:

" * * * Whenever the court in good faith appoints or accepts the appearance of a member of the bar in good standing to represent a defendant, the presumption is that such counsel is competent. Otherwise, he would not be in good standing at the bar and accepted by the court. The constitutional requirements have been met as to the necessity for counsel. If the action of counsel in the presence of the court in the conduct of the trial reduces the trial to a travesty on justice, such conduct might be considered on the proposition that such a trial was a denial of due process. The conduct of counsel in the trial of a case is that of only one of the officers of the court whose duty it is to see that the defendant receives a fair trial. He is only one of the actors in the drama. The best of counsel makes mistakes. His mistakes, although indicative of lack of skill or even incompetency, will not vitiate the trial unless on the whole the representation is of such low caliber as to amount to no representation and to reduce the trial to a farce. A fair appraisal of the record in this case does not remotely approach such a state. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667." 166 F.2d at pages 980–981.

In United States v. Wight, 2 Cir., 1949, 176 F.2d 376, certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586, it was stated:

" * * * time consumed in oral discussion and legal research is not the crucial test of the effectiveness of the assistance of counsel. The proof of the efficiency of such assistance lies in the character of the resultant proceedings, and unless the purported representation by counsel was such as to make the trial a farce and a mockery of justice, mere allegations of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for the issuance of a writ of habeas corpus or the granting of a petition pursuant to 28 U.S.C. 2255. United States ex rel. Feeley v. Ragen, 7 Cir., 166 F. 2d 976. Jones v. Huff, 80 U.S.App. D.C. 254, 152 F.2d 14, 15. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002. Strong v. Huff, 80 U.S.App.D.C. 89, 148 F.2d 692, certiorari denied 326 U.S. 768, 66 S.Ct. 165, 90 L.Ed. 463; Helms v. Humphrey, D.C., 63 F. Supp. 4, 5." 176 F.2d at page 379.

■ There is nothing in the record beyond defendant's bare assertion that the defense was not ably and adequately conducted. See People v. Smith, 109 Cal.App.2d 76, 239 P.2d 903, 905. With respect to defendant's claim that his representation by counsel was inadequate and in violation of the Sixth Amendment, it has been held that "Mere dissatisfaction with the results obtained through the efforts of his attorney is insufficient to invoke the protection of the Sixth Amendment." Kinney v. United States, 10 Cir., 1949, 177 F.2d 895, 897, certiorari denied 339 U.S. 922, 70 S.Ct. 610, 94 L.Ed. 1345. There is nothing in this record to show that the attorney who tried this case for the defendant coerced the defendant so that the defendant was compelled to utilize his services.

■ In any event, the propriety of defendant's conviction and the adequacy of his representation by counsel were matters which were raised by defendant in his brief on appeal and were disposed of by the Court of Appeals, 2 Cir., 164 F.2d 556, at pages 557–558, certiorari denied 333 U.S. 857, 68 S.Ct. 726, 92 L. Ed. 1137, as follows:

"Although the untimeliness of these motions is sufficient reason for their affirmance, we have, out of sympathy for the appellant's dismay

at losing his license as a physician because of his conviction, examined the trial errors of which he complains. None of them would have justified granting the motion, even if it had been timely. His main contention, that he cannot be convicted of illegal selling when all he did was to write prescriptions for patients as he might lawfully do under 26 U.S.C.A. Int.Rev.Code, § 2554(c)(1), is fully met by authoritative decisions. [Cases cited.] The trial was fairly conducted and the jury correctly instructed. * * * "

Accordingly, the motion must be denied.

Settle order on notice.