**Lester COFIELD, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16155.**

United States Court of Appeals
Ninth Circuit.

Jan. 20, 1959.

Paul Fitting, Bernard Kolbor, Mc-Kenna & Fitting, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Leila F. Bulgrin, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, Chief Judge, and CHAMBERS and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

Lester Cofield, Jr., a federal prisoner, instituted this proceeding to vacate his sentence. The action was brought under 28 U.S.C.A. § 2255. Following a hearing an order was entered denying his petition. Cofield appeals, raising questions concerning the adequacy of his legal representation at the time of arraignment, and the voluntariness of his plea of guilty.

On March 13, 1957, Cofield was indicted on two counts charging him with selling and facilitating the sale of narcotic drugs. In count one it was charged that on or about October 31, 1956, he sold and facilitated the sale of approximately 179 grains of heroin to one Justin Burley, in violation of 21 U.S.C.A. § 174. In count two it was charged that on or about November 5, 1956, Cofield sold and facilitated the sale of approximately 165 grains of heroin to Burley, in violation of the same statute.

Petitioner was arraigned on these charges on March 25, 1957. He and the other defendants who were being arraigned at that time were told by the court that they were then presumed to be innocent. They were further told that they were entitled to trial by jury and to be confronted with the witnesses against them. The assembled defendants were further advised by the court that if they were financially unable to employ counsel they could obtain the assistance of court-appointed counsel. Cofield was then given a copy of the indictment against him and in response to his request the court appointed an attorney to represent him.

The attorney so appointed was then in the courtroom and immediately went into consultation with Cofield. An hour and a half later Cofield appeared before the court with his attorney and pleaded guilty to count one and not guilty to count two. The United States Attorney advised the court that the government would ask for dismissal of count two. He further stated, however, that under the facts of this case a conviction under

count one, on Cofield's plea of guilty, carried a mandatory sentence. The court thereupon referred the matter to a probation officer for a presentence investigation and report.

Cofield was brought before the court on April 1, 1957, for sentencing. His attorney made a plea for leniency. The court then imposed a twenty-year sentence with the recommendation that Cofield be treated for narcotic addiction.[1] On motion of the United States Attorney, count two of the indictment was then dismissed.

This § 2255 proceeding was begun in December 1957. Two grounds were asserted for the relief requested: (1) Petitioner was denied adequate assistance of counsel; and (2) the plea of guilty was not voluntarily entered. These two grounds are reasserted on this appeal.

Concerning the adequacy of his representation by counsel, Cofield stresses the brevity of his consultation with his counsel prior to pleading guilty and the assertedly unsatisfactory circumstances under which the consultation was conducted. As a result, it is argued, there was no investigation of the facts or law, or adequate advice given him as to the difference between selling and facilitating the sale of narcotics. The possible defense of entrapment, appellant also contends, was ignored by counsel.

It is undisputed that the consultation between Cofield and his attorney was extremely brief. Although the court adjourned the arraignment of Cofield for an hour and a half to afford time for consultation, the attorney utilized only ten to twenty minutes for this purpose. This was perhaps unavoidable, since the attorney also had to confer with two or three other indigent defendants during the hour and a half. At the hearing in this § 2255 proceeding the attorney testified that he did not feel pressed for time and regarded the consultation as

sufficiently long. He did not ask the court for a continuance.

It is also unquestioned that this consultation was conducted under circumstances which were far from ideal. It took place on a spectator's bench in the courtroom while other matters were being presented to the court. It was necessary for Cofield and his attorney to confer in a low voice. They were once interrupted and forced to remain quiet because of court proceedings.

■■ The constitutional right of an indigent defendant in a federal criminal proceeding to have counsel assigned to him by the court has been recognized since Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. The right to the assistance of counsel means effective assistance. Edwards v. United States, 78 U.S.App.D.C. 226, 139 F.2d 365. This contemplates the conscientious service of competent counsel, and a mere perfunctory appearance for a defendant is not enough. United States v. Wight, 2 Cir., 176 F.2d 376, 378. Representation in the role of an advocate rather than of an amicus curiae is required. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed. 2d 1060.

A showing that the time allowed for consultation was brief and that the facilities made available for such consultation were unsatisfactory lends color to a charge that legal representation was inadequate. No matter how capable and zealous an attorney may be, unreasonable curtailment of time or lack of proper facilities may prevent the attorney from affording adequate legal representation.

But if the legal representation was adequate despite the unsatisfactory conditions under which it was rendered, the indigent defendant has no cause for complaint. Thus, whatever the showing may be as to the time and facilities made available for rendering legal service, the basic inquiry remains—was the repre-

---

1. Before pronouncing sentence the court noted that Cofield's prior criminal record included convictions for possession of stolen property, assault with a deadly weapon, burglary, and two state convictions involving narcotics offenses.

sentation inadequate?[2] This can be determined only by comparing what an attorney actually did in behalf of his indigent client with what he properly could have done had circumstances permitted.

Where, as here, this question arises in the context of a proceeding to vacate a sentence fair on its face, the indicated comparison must indeed be striking to warrant relief. Only if it can be said that what was or was not done by the attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the court, can a charge of inadequate legal representation prevail.[3]

Appellant argues that in two particulars the legal representation afforded by his court-appointed attorney, under the described circumstances, was inadequate. The first of these involves the contention that Cofield pleaded guilty under a misapprehension of the charge against him. He asserts that this would have not have happened if he had been afforded adequate legal representation.

This contention has reference to the language of the indictment reciting that Cofield "did knowingly and unlawfully sell and facilitate the sale" of narcotic drugs. Cofield calls attention to the fact that he told his attorney that he did not "sell" any narcotics. He argues that it is not clear from the record on what basis counsel thought Cofield was guilty—whether for selling narcotics or facilitating a sale. He wishes us to conclude from this that the plea was entered under the misapprehension referred to above.

We find the record singularly clear, with respect to both Cofield and his attorney, as to the basis for the plea of guilty. Cofield testified:

"Q. Did you tell Mr. Krupp whether you felt you were guilty of the offense or not? A. I told Mr. Krupp I thought I was guilty of something, of the matter of dealing with it, but not being guilty of sale. Q. You knew you were guilty of something? A. Yes. I knew I was guilty of being in traffic with it."

Cofield's attorney testified:

"The Court: You felt then, as I get your story here, that upon the facts as he related them to you that he was guilty? The Witness: Yes. The Court: Did you explain your reasoning to him? The Witness: Yes, I did. I felt that he facilitated the sale of the narcotics. And although there wasn't the actual physical transfer, as he related to me, of the narcotics, nevertheless he was such an important adjunct of the transaction that I felt that he was a principal to the transaction."

It is apparent from the quoted testimony that Cofield and his attorney were both of the view that Cofield had not sold the narcotics referred to in count one of the indictment, but that he had facilitated the sale of such narcotics. On the basis of this jointly shared belief, the attorney advised his client that he was

---

**2.** A similar view was expressed in United States v. Wight, supra, 176 F.2d 379, where the court said: " * * * Time consumed in oral discussion and legal research is not the crucial test of the effectiveness of the assistance of counsel. The proof of the efficiency of such assistance lies in the character of the resultant proceedings * * *." In the Wight case the fact that there was but one fifteen-minute conference between attorney and client prior to a plea of guilty was held not to require the vacating of a sentence. As the court there said (176 F.2d at page 379): "Notwithstanding the relatively short amount of time spent by counsel with the defendant, and the absence of any research on the syntax of the statute, counsel, led by his own experience and judgment, arrived at the correct answer. * * *"

**3.** United States v. Wight, supra, 176 F.2d 379. See, also, Taylor v. United States, 9 Cir., 238 F.2d 409, 413. For excellent background discussions of this general problem, see Diggs v. Welch, 80 U.S.App. D.C. 5, 148 F.2d 667; Edwards v. United States, 78 U.S.App.D.C. 226, 139 F.2d 365; and United States v. Edwards, D.C., 152 F.Supp. 179, affirmed 103 U.S.App. D.C. 152, 256 F.2d 707.

guilty under count one and the plea of guilty followed.

■ Under 21 U.S.C.A. § 174, sale of narcotics and facilitating the sale of narcotics are separate offenses. It follows that where the government charges only one of these offenses, proof of the other will not warrant conviction.[4] But where, as here, a defendant is charged in one count with selling *and* facilitating the sale of narcotics, proof of facilitation is sufficient, it being unnecessary to also prove sale.[5]

■ It follows that Cofield was not improperly advised when he was told that if he facilitated the sale of narcotics he was guilty of the crime charged in count one. Having received this advice, it cannot be said that Cofield pleaded guilty under a misapprehension as to the law on this point.

Cofield also contends that by reason of inadequate legal representation the defense of entrapment was "ignored." Our attention is called to Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed. 2d 848, in which a judgment of conviction in a narcotics case was reversed on the ground that the defendant had been entrapped.

In Cofield's motion to vacate and to set aside the sentence, he made no contention that his attorney had failed to advise with him on the matter of entrapment. Nor did he allege that he had such a defense. Likewise, no mention was made of such a defense, or of the lack of advice thereon, during the course of Cofield's testimony in this § 2255 proceeding. The matter of entrapment first came into this case during the cross-examination of Cofield's attorney.[6]

At this point in the cross-examination of the court-appointed attorney, the court inquired of Cofield's present counsel whether he was suggesting that there was a defense of entrapment available to Cofield. Counsel answered that "all we are going into in this hearing * * * is not the guilt or innocence of the defendant, but whether, even assuming that he were guilty, he may have entered a plea not voluntarily." Counsel offered to put Cofield back on the witness stand to go into this matter, but when the court did not express interest the offer was dropped.

Even on this appeal Cofield makes no contention that he actually had a defense of entrapment. All he contends is that his court-appointed counsel "ignored" the possibility of such a defense—a contention which is disproved by the testimony quoted in footnote 6. Nor is there in this

4. United States v. Sawyer, 3 Cir., 210 F. 2d 169; Adams v. United States, 5 Cir., 220 F.2d 297. See, also, Torres Martinez v. United States, 1 Cir., 220 F.2d 740.

5. Torres Martinez v. United States, supra, 220 F.2d 742. See, also, United States v. Lutz, 3 Cir., 142 F.2d 985, 990; Shepard v. United States, 9 Cir., 236 F. 73, 81.

6. This portion of the cross-examination reads as follows:
"Q. Now, did you have any conversation with him at that time before he entered his plea concerning whether he had been entrapped? A. Yes, I believe so.
"Q. What was said, and by whom? A. Well, I do not remember exactly what was said. I do——
"Q. As well as you can recall. A. I recall—I know there was a possibility of entrapment. And so I asked him just how it came about that he was involved in this transaction. I believe he told me that the gentleman who wanted to purchase the narcotics came up and asked him if he could get the purchase, get the narcotics.
"Q. Which gentleman was this? A. Well, I don't specifically remember any names.
"Q. Was it Justin Burley or Eddie Turner? A. I do not remember Eddie Turner. I do not remember specifically Justin Burley. But he said that the officer who later made the arrest did come and ask him if he could get any narcotics.
"Q. And that's the substance of what he told you? A. Yes. From that I inferred there was no defense of entrapment; at least in my opinion there was not.
"Q. Did you go any further into that matter? A. No.
"Q. That's as far as you went into the entrapment? A. Yes."

record any evidence which would enable us to determine that there might have been such a defense.

■ We must therefore assume that Cofield did not actually have a defense of entrapment. The advice of court-appointed counsel to the effect that Cofield had no such defense was therefore proper and did Cofield no injustice.

We hold that the trial court did not err in finding and concluding that Cofield was not denied adequate assistance of counsel.

A second general ground on which Cofield sought to vacate the sentence and here seeks to obtain a reversal is based on the contention that the plea of guilty was not entered voluntarily.[7]

Two reasons are advanced why it must be held that his plea was not voluntary. The first of these has to do with events which transpired subsequent to the dates on which the alleged crimes occurred and prior to Colfield's arraignment and plea. Referring to certain contacts and transactions which he had with federal narcotics agents during this period, Cofield contends that a "calculated campaign" by these officers "had so ensnared [him] that he was 'guilty of something' and pleaded to anything." This, it is argued, was "legal coercion."

■ No such contention was advanced in Cofield's petition instituting this § 2255 proceeding. As a basis for there asserting that he had not pleaded voluntarily, Cofield alleged that he had been intimidated and coerced by his counsel, indicating collusion between his attorney and the assistant United States Attorney. The record affords no support for such a charge, and it was properly rejected by the trial court. No mention is made in Cofield's petition of his contacts and transactions with federal narcotics agents between the dates of the alleged crimes and the time of arraignment.

During the hearing on this petition, Cofield testified at length concerning such contacts and transactions. He did not, however, testify that these officers sought to induce him to plead guilty by reason of representations, promises, threats, or coercion in any form. He did not testify that the officers even discussed with him the instant offenses, other than to once inquire whether he knew Justin Burley. Nor did Cofield testify that he was induced by the federal officers to enter such a plea.[8]

We have nevertheless carefully examined the nature of the contacts and transactions, as testified to by Cofield, to determine whether any impropriety inheres therein. According to his testimony, on several occasions after November 5, 1956, one or more federal agents sought Cofield's assistance in ferreting out other narcotics violators. Some of these efforts were made before it was disclosed to him that the persons with whom he was dealing were federal agents. Most of these efforts proved fruitless, but on one occasion Cofield effected a purchase of narcotics.

After his arrest Cofield was questioned at length and went for several hours without food. He was then released on his own recognizance. On a later occasion a federal agent became angry with

7. In his brief on appeal Cofield relates some aspects of this question to his contention discussed above that his legal representation was inadequate. Thus, he argues, citing United States v. Davis, 7 Cir., 212 F.2d 264, and other cases, that "involuntariness in a plea of guilty can arise as a result of erroneous or insufficient advice of counsel prior to plea. * * *" For convenience of discussion, however, we are dealing with all facets of the question of voluntariness in this separate section of the opinion.

8. In appellant's brief it is stated: "* * * For four months the agents played with Appellant as a cat plays with a mouse, and got Appellant so ensnared and entangled that as he said (HT 43), 'I thought I was guilty of something.'" The record, however, reveals that Cofield did not testify that it was the conduct of the federal officers which led him to believe that he was guilty of "something." He reached this conclusion as a result of his own knowledge of the facts and his discussion with court-appointed counsel.

Cofield and told him he ought to be put back in jail. On still another occasion, federal agents told Cofield that they would recommend to the probation department that he be hospitalized.

Accepting this evidence at face value, it may be inferred that federal agents put considerable pressure on Cofield to cooperate with them in catching other narcotics offenders. But there is nothing to indicate that any pressure which may have been exerted was intended to induce Cofield to plead guilty, or had that result. That plea, as Cofield's own testimony demonstrates, was based upon his own belief that he was guilty, confirmed by the advice of his attorney.

The only other reason advanced by Cofield why it must be held that his plea was not voluntary is contained in this one-sentence statement in his brief: "In addition, Appellant was in bad physical condition from withdrawal from narcotics (HT 28, 36)."

Cofield testified that on the day of arraignment he was "nervous and had sweats," and was not in good physical condition. He further testified that he was suffering "withdrawal symptoms" on that day and was sick. His court-appointed attorney testified that while at the time of consultation Cofield seemed confused, he believed this was due to Cofield's illiteracy rather than his physical condition.[9] Pointing to the fact that he was not a medical expert, the attorney added that he would not definitely state that Cofield's confusion was not the result of any physical condition.

■ Neither in Cofield's petition nor his testimony is there any representation that because of his physical condition his plea of guilty was not voluntary. Thus, accepting everything that Cofield said concerning his physical condition, there is no basis for an ultimate finding and conclusion that the plea was not voluntary. Suggestions and speculations advanced in argument of counsel, unsupported by any evidence in the record, provide no warrant for the setting aside of a judgment and sentence. As before noted, even the argument on this point in appellant's brief consists of but a single sentence.

We conclude that the trial court did not err in finding and concluding that Cofield freely and voluntarily entered his plea of guilty.

Affirmed.

---

9. Cofield has a sixth-grade education.