**UNITED STATES ex rel. Ernest P. COOKE, Petitioner,**

v.

**Edward M. FAY, Warden of Greenhaven Prison, Stormville, New York, and The People of the State of New York, Respondents.**

United States District Court
S. D. New York.
May 24, 1960.

Ernest P. Cooke, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen., Norman Friedman, Deputy Asst. Atty. Gen., of the State of New York, of counsel, for respondent.

METZNER, District Judge.

It appears that relator was charged in the Court of General Sessions of the County of New York with the crime of murder in the first degree and with an intent to commit murder in the first degree. He was represented by four court-appointed counsel. After the prosecution had completed most of its case, the defendant, after consultation with his counsel, agreed to withdraw his plea of not guilty and told the court that he desired to plead guilty to the crime of murder in the second degree. The court carefully interrogated the defendant as to the voluntary nature of the change of plea. Counsel for defendant urged the court that the imposition of the maximum sentence was not mandatory. The court adjourned the sentencing several times, pending clarification of this point by the Appellate Division of the Supreme Court. People v. Cooke, 8 A.D.2d 715, 187 N.Y.S.2d 327. The court then imposed a sentence of 20 years to life.

Relator claims that he was not only represented by inadequate counsel, but that his counsel failed to properly inform him as to the sentence that might be imposed in this case.

■■ For a federal question to be presented on a claim of inadequacy of representation, it must be shown that the representation was such as to make the trial a farce and a mockery of justice, and the lack of effective assistance of counsel must be of such a kind as to shock the conscience of the court. See United States v. Wight, 2 Cir., 1949, 176 F.2d 376. The allegations that relator was induced by counsel to plead guilty are similar to those found in Application of Hodge, 9 Cir., 1958, 262 F.2d 778, 780. The court there held that "the facts alleged fall short of presenting a case disclosing denial of a right under the federal Constitution."

Petition for a writ of habeas corpus is denied. So ordered.