James Columbus **SHAW**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

**No. 19153.**

United States Court of Appeals
Eighth Circuit.

Nov. 26, 1968.

Morris M. Hatchett, St. Louis, Mo., for appellant and filed brief.

Jim J. Shoemake, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., was on the brief with Jim J. Shoemake, St. Louis, Mo.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and LAY, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction under the Dyer Act, 18 U.S.C. § 2312, for knowingly transporting a stolen vehicle in interstate commerce.

The defendant urges three basic grounds for reversal: (1) ineffective assistance of appointed counsel, (2) denial of a personal right to select certain jurors, and (3) erroneous admission of his oral statement to an F.B.I. agent.

██ Defendant makes a vague allegation that although his appointed trial counsel was competent and skilled in the law, there existed a lack of "rapport" or "communication" between them which precluded effective representation. Counsel upon appeal urges that defendant would not cooperate with his trial counsel, e. g., taking the stand against counsel's advice, failing to understand the selection of the jury, etc. We have reviewed the complete record and find that trial counsel ably represented the defendant. A defendant cannot base a claim of inadequate representation upon his refusal to cooperate with appointed counsel. Such a doctrine would lead to absurd results. We note that defendant expressed no desire to obtain different counsel prior to this appeal. Ordinarily such requests can best be considered within the discretion of the trial court. Cf. Smith v. United States, 122 U.S. App.D.C. 300, 353 F.2d 838, 845 (1965).

██ While this court has recognized that representation by skilled counsel does not necessarily negate a charge of ineffective counsel in a particular case, nonetheless, it has been said:

"[A] charge of inadequate representation can prevail 'only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court.'" Cardarella v. United States, 375 F.2d 222, 230 (8 Cir. 1967).

See also O'Malley v. United States, 285 F.2d 733, 734 (6 Cir. 1961); Cofield v. United States, 263 F.2d 686, 689 (9 Cir. 1959); Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 792–793 (1958). Cf. Brown v. Beto, 377 F.2d

950, 958 (5 Cir. 1967). No such showing has been made here.

 Defendant objects that he was not allowed to have certain jurors remain on the panel because the state challenged them peremptorily. It is clear that a defendant in a criminal case has a right to be present and to be consulted during the selection of the jury. See Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). However, it is equally clear that the defendant does not have the right to place on the jury those whom the prosecution has challenged peremptorily. The right of peremptory challenge is "rejective" not "selective." Cf. Pointer v. United States, 151 U.S. 396, 412, 14 S.Ct. 410, 38 L.Ed. 208 (1894). The Constitution only requires trial by an impartial jury. Stilson v. United States, 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154 (1919); cf. Swain v. Alabama, 380 U.S. 202, 219, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). We find no merit in defendant's second claim.

Defendant asserts that the lower court erred in admitting his inculpatory statements made to federal officer Meigs because (1) the confession was coerced and (2) the defendant's testimony relating to an alleged beating remains unrebutted and the trial court did not independently "examine" the circumstances surrounding it.

Foundation for the testimony by the F.B.I. officer, J. Robert Meigs, was properly laid. Meigs informed Shaw of his constitutional rights. He used a written form which sets forth the constitutional rights of an accused and provides for a written waiver.[1] Shaw signed this form prior to the time of his interview by Meigs.

There was no objection by Shaw's counsel to this testimony by Meigs.

 Shaw now for the first time voices objection to the admissibility of this oral statement to Meigs. This court has held, barring plain error, we will not notice errors raised for the first time in the appellate court, including errors involving a defendant's constitutional right. Robinson v. United States, 327 F.2d 618 (8 Cir. 1964). Cf. Clay v. United States, 394 F.2d 281 (8 Cir. 1968); and see United States v. Indiviglio, 352 F.2d 276, 280 (2 Cir. 1965); United States v. Del Llano, 354 F.2d 844, 847–848 (2 Cir. 1965); United States v. Bolden, 355 F.2d 453, 458–459 (7 Cir. 1965); Good v. United States, 378 F.2d 934, 936 (9 Cir. 1967); United States v. Armetta, 378 F.2d 658, 661 (2 Cir. 1967).

Nor is this a case for the application of Rule 52(b). We have thoroughly examined the record and are convinced that no plain error is involved. The defendant did not relate his belated and bizarre story of being beaten by a dozen policemen for illegally parking his car until after Meigs' testimony had been received without objection.

Judgment affirmed.

---

1. This form, Government's Exhibit 4. reads:

"You have the right to remain silent.

"Anything you say can be used against you in court.

"You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

"If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

"If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."

\* \* \* \* \*

"I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me."