UNITED STATES of America,
Plaintiff-Appellee,

v.

Edwin ALMESTICA,
Defendant-Appellant.

No. 493, Docket 76–1325.

United States Court of Appeals,
Second Circuit.

Argued Dec. 2, 1976.

Decided Dec. 16, 1976.

Peter Lushing, New York City, for defendant-appellant.

Jonathan M. Marks, Asst. U. S. Atty., Brooklyn, N.Y. (David G. Trager, U. S. Atty., Eastern District of New York, Bernard J. Fried, Asst. U. S. Atty., Brooklyn, N.Y., on the brief), for plaintiff-appellee.

Before MOORE, FEINBERG and GURFEIN, Circuit Judges.

PER CURIAM:

Edwin Almestica, an 18–year old former drug addict, appeals from a judgment of conviction for armed robbery entered in the United States District Court for the Eastern District of New York, after a plea of guilty before Judge Thomas C. Platt, Jr. Almestica claims that he was deprived of his constitutional right to effective counsel at the sentencing proceeding, because his assigned lawyer refused to defend him and instead supported the prosecutor's position on a key factual question.

The issue arises in the following context. Almestica was allowed to plead guilty to one count in satisfaction of all charges which might arise out of his participation in three bank robberies. In return he agreed "to cooperate fully" with the Government in its investigation of two of these robberies. At sentencing, defense counsel alluded to a problem as to Almestica's cooperation with the Government and indicated that Almestica had undergone a change of heart about testifying against others at a trial. Defense counsel then made a fairly persuasive plea for leniency for Almestica. In rebuttal, the prosecutor made much of Almestica's alleged failure to live up to the plea bargain. Specifically, the prosecutor claimed that Almestica had agreed to testify at a trial, if necessary, regarding his own participation and that of others.

After the prosecutor's statement, Almestica made one of his own. He said that he was unwilling to testify at trial "because of the consequences" he and his family might "face later on." Defendant also asserted that his lawyer had told him that the

Government would present a "contract" for him to sign regarding his cooperation, which would include testimony at trial, if needed, but that there was no agreement "down on any paper, not that I know of." He had, he said, cooperated to the best of his ability: "I said I would help and I helped [by testifying before the grand jury]." Thereafter, the judge asked defense counsel whether he had fully explained the agreement to Almestica. Counsel responded that Almestica "understands that, but unfortunately he had a change of mind . . .." The judge then imposed the 18–year sentence.

We have quoted only briefly from the sentencing and guilty pleas minutes because no more is called for. Almestica complains that his lawyer should not have supported the prosecutor's interpretation of the agreement. The argument is not that defense counsel should have defrauded the court, but that he should have pointed out the vagueness of the "full cooperation" required by the plea bargain, or asked to remain silent rather than answer questions that would hurt his client, or sought leave to withdraw from the case.

■ We do not think it fruitful to discuss at length whether the representation of Almestica in the district court was so inadequate as to "shock the conscience of the Court and make the proceedings a farce and mockery of justice." *United States v. Wight*, 176 F.2d 376, 379 (2d Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950).[1] For we think that the real issue on this appeal—which is, in essence, an attack on the severe sentence—is whether Almestica truly believed that he had not promised to testify at trial. If he did not so believe, then on this record we see no proper basis for vacating Judge Platt's sentence. But if Almestica did believe that he had never promised to testify at trial, then the judge may have sentenced Almestica under a misapprehension that he had reneged on his plea bargain. Also, if Almestica had

1. Other circuits have in recent years adopted a less stringent test. E.g., *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974); *United*

*States v. De Coster*, 159 U.S.App.D.C. 326, 487 F.2d 1197 (1973). Cf. *United States v. Joyce*, 542 F.2d 158, 160 (2d Cir. 1976).

understood that he had to testify at trial as well as before the grand jury, he might never have agreed to plead guilty. We do not suggest that this assumption about Almestica's belief is accurate. But it forms the underlying basis for any claim for relief here, and Almestica should have the opportunity to press it, if he desires.

Accordingly, we affirm the judgment of conviction without prejudice to any application Almestica may make to set aside his guilty plea or to reduce his sentence on the sworn claim that he misunderstood the terms of his plea bargain. If such an application is made, we suggest that, if feasible, the same excellent representation Almestica has received in this court be continued in the district court.