**Herman J. BLUEFORD,**
**Plaintiff–Appellant,**

v.

**State of CALIFORNIA, Defendant–**
**Appellee.**

No. 99–56203.

D.C. No. CV–95–02638–AHM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM**

Herman J. Blueford, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the denial of a habeas corpus petition, while we review the district court's findings of fact for clear error. *See Moran v. McDaniel*, 80 F.3d 1261, 1268 (9th Cir.1996). We affirm.

Blueford first contends that his Sixth Amendment right to self-representation was violated on three separate occasions by the state trial court. Although a criminal defendant does have a right to self-representation, *see Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the request to proceed pro se must be timely and unequivocal, and not made for the purpose of causing delay. *See Jackson v. Ylst*, 921 F.2d 882, 888–89 (9th Cir.1990).

The district court properly determined that Blueford's requests to represent himself were not unequivocal, and the record supports that conclusion. *See id.* at 889 (concluding that an emotional request for self-representation following an adverse ruling "did not demonstrate to a reasonable certainty that he in fact wished to represent himself").

Blueford's second contention is that his Sixth Amendment Confrontation Clause

---

rights were violated by the introduction at trial of a deceased witness's prior statement. This was not error because the statement was made under oath, and Blueford had been afforded an opportunity to cross-examine the witness. *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 143 (9th Cir.1992); *see also United States v. Rodriguez–Ramirez,* 777 F.2d 454, 458 (9th Cir. 1985) (rejecting challenge to attorney's decision not to cross-examine a witness as appropriate strategic decision); *Shaw v. United States,* 403 F.2d 528, 529 (8th Cir. 1968) (per curiam) (rejecting defendant's complaint, which he caused by refusing to cooperate with appointed counsel).

Accordingly, the district court appropriately denied habeas relief.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.