Elwood R. HENDRICKSON

v.

J. Ellis OVERLADE, as Warden of the
Indiana State Prison.

Civ. No. 1715.

United States District Court
N. D. Indiana, South Bend Division.

June 7, 1955.

Perry W. Cross, Deputy Public Defender, Munice, Ind., for petitioner.

Robert S. Baker, Deputy Atty. Gen. of Indiana, for respondent.

PARKINSON, District Judge.

This is a habeas corpus proceeding which was heard by this court on the merits even though the petitioner had made no application to the Supreme Court of the United States for certiorari after the Supreme Court of Indiana had affirmed his conviction on direct appeal. Hendrickson v. State, 118 N.E.2d 493.

The petitioner, without objection or at the most without serious objection on behalf of the respondent, practically retried the criminal case in this court. Accordingly this court does now have before it the entire transcript of the record on appeal; the parol testimony of the petitioner and other witnesses called by him, and that of counsel who represented him in the trial of the criminal case. Whether that be proper in a habeas corpus proceeding in the federal court is unimportant. That is the manner in which the parties tried this cause in this court and perhaps it is well because this court has all of the facts before it.

It, therefore, is the cause on the merits which now solicits the decision of this court and because the special findings of fact and conclusions of law appear in this opinion, it will be filed and will serve as such.

It is the contention of the petitioner that he is unlawfully restrained of his liberty by the respondent, as Warden of the Indiana State Prison, in violation of the Fourteenth Amendment to the Constitution of the United States because of incompetency of his counsel and alleged errors occurring at his trial which resulted in his conviction.

The undisputed evidence is that counsel who represented the petitioner in the trial of his criminal case in the Shelby Circuit Court is a member of the Indianapolis, Indiana bar and was employed and retained by petitioner's wife for the petitioner and that employment was ratified by the petitioner and the services of counsel were rendered for and on behalf of the petitioner. In other words, under the evidence, the petitioner was represented by counsel of his own choice and employment.

Some courts have held by inference that there is no distinction between representation of court appointed counsel and employed counsel of the defendant's own choice on the question of denial of due process. We hold that there is a distinction and that a lack of skill or the incompetency of counsel employed, and, at the choice of the accused, representing him is imputed to the client, the acts of his counsel thus becoming those of the client and so recognized and accepted by the court, unless the defendant repudiates them by making known to the court his objection to or lack of concurrence in them. A defendant cannot acquiesce in his attorney's defense of him or his lack of it and, after the trial has resulted adversely to the defendant, obtain a new trial because of the negligence, incompetency or unskillfulness of his attorney, unless the representation was such as to amount to practically no representation and reduced the trial to a farce or a sham.

It is the further contention of the petitioner that because the trial court gave to the jury four instructions wherein he referred to the degree of proof as by a preponderance of the evidence instead of beyond a reasonable doubt his conviction is in violation of the Fourteenth Amendment to the Constitution of the United States.

The court has before it the entire transcript of the proceedings in the state court. The transcript shows that the trial court gave to the jury 50 instructions on its own motion and 5, which were tendered by the defendant. In those instructions the jury was specifically instructed some 16 times that the defendant could not be convicted unless proven guilty beyond a reasonable doubt and in the court's instruction No. 26 the jury was instructed that:

"The defendant is by law presumed to be innocent of the crime charged until his guilt shall have

been established by the evidence, beyond a reasonable doubt. This presumption remains with him throughout the trial, and he is entitled to its benefits unless the evidence convinces you beyond a reasonable doubt as to his guilt. You should weigh the evidence in the light of this presumption, and if you can reasonably and fairly reconcile all the evidence given with the presumption of the defendant's innocence, it is your duty to do so."

and again and again the jury was instructed by the court that the burden was on the State to prove the defendant guilty beyond a reasonable doubt; that the defendant could not be convicted of any crime charged or included unless the jury was convinced of his guilt beyond a reasonable doubt and that if any juror was not so convinced of the defendant's guilt beyond a reasonable doubt it would be his duty to refuse to vote for a conviction.

■ Under Rule 1–7 of the Rules of the Indiana Supreme Court in order to save any error on instructions, counsel must object to an erroneous instruction. The failure of counsel for the petitioner to object to any erroneous instructions is evidence of his negligence or incompetence but it is procedural and not a denial of due process under the Fourteenth Amendment to the Constitution of the United States unless such negligence and incompetence reduced the trial to a farce or a sham. When the defendant in a criminal proceeding is represented by counsel of his own choice and he and his counsel are heard at every stage of the proceedings, the constitutional requirements have been met as to necessity for counsel, and it is only when the action of counsel in the presence of the court in the conduct of the trial reduces the trial to a travesty on justice, that such conduct may be considered on the question of denial of due process in a habeas corpus proceeding such as this, which is a collateral attack invading the province of State jurisdiction, and wherein the burden of

proof is on the petitioner and a judgment of a State Court cannot be lightly set aside.

■ We believe the rights guaranteed by the constitution to be sacred. No person accused of a crime in our court was ever denied a single constitutional right and none ever will be. We also recognize that in a habeas corpus proceeding in this court such as this we are not concerned as to the guilt or innocence of the petitioner of the crime for which he was convicted. However, when the question of incompetency of counsel is called into question by the petitioner the question of guilt must be considered by us for the reason that if the defendant was conclusively guilty the question as to just what his counsel could do by way of a defense is important. We realize that an accused is entitled to counsel whether he be guilty or not guilty but if he be guilty and has signed a written confession voluntarily admitting his guilt and has absolutely no defense, is counsel incompetent unless he manufactures one? The true purpose of litigation is to ascertain the truth and to arrive at a correct result. Justice is to be rendered, not aborted.

The petitioner is a self-confessed rapist and kidnapper of a 12 year old female child. Perhaps the reason he was found guilty was not because of incompetency of counsel but simply because he was guilty. What defense did he have? If he had been represented by a staff of counsel composed of William T. Fallon, Clarence Darrow and George Francis Vanderveer he would still have been guilty. The best criminal lawyer in the United States could not have changed the facts.

Every question raised by the petitioner in these proceedings was raised by him in the Supreme Court of Indiana on direct appeal and that court held that he had a fair and impartial trial and a just result was reached, and he failed to apply to the United States Supreme Court for certiorari and ask that court to pass upon the presented federal constitutional ques-

**564**

tions before filing his habeas corpus petition in this court.

We agree wholeheartedly with the holding of our Seventh Circuit Court of Appeals in United States ex rel. Feeley v. Ragen, 166 F.2d 976, 981, wherein Mr. Justice Minton, now of the Supreme Court of the United States, expressed the views of the court in the following language:

"There should not be a rigid formalism in habeas corpus proceedings in which courts are seeking the substance as to the violation of constitutional rights. But it must be remembered that habeas corpus is a collateral attack by the courts of Federal jurisdiction invading the province of State jurisdiction, and the trial of the competency of counsel is only a phase of this collateral attack. To warrant such collateral investigations of the competency of counsel, the pleadings should lay a foundation therefor by proper factual averments, and competent evidence must clearly support such averments. We should not lose sight of the fact that the Federal courts are being used to invade the sovereign jurisdiction of the States, presumed to be competent to handle their own police affairs, as the Constitution recognized when the police power was left with the States. We are not super-legislatures or glorified parole boards. We as courts look only to the violation of Federal Constitutional rights. When we condemn a State's exercise of its jurisdiction and hold that the exercise of its powers is not in accordance with due process, we are in effect trying the States. It is State action that is on trial, and a decent regard for the coordinate powers of the two governments requires that we give due process to the State. That is the reason that in habeas corpus cases the relator must first show that he has exhausted his State remedies to open the way for the Federal courts to try the State's exercise of its sovereign power. For after all, the States represent the people more intimately than the Federal Government.

"To redress an alleged imbalance between the State's exercise of its power and the rights of the individual, the Federal courts exercise a delicate function, the importance of which points up our duty to consider that imbalance in the light of the rights of organized society through the State Government, representing all the people, as against the relator-defendant. There is no room here for crusades or the fulfillment of missions. We are to hold the balance true."

 We, therefore, conclude and hold that the record before us does not show such a representation by counsel of petitioner-defendant as to amount to no representation and did not reduce the trial to a travesty on justice or to a farce or a sham; that the petitioner was not denied due process; that the petition herein should be dismissed; the writ of habeas corpus quashed, and the petitioner remanded to the custody of the respondent, and

It is so ordered.