STATE OF MONTANA, Respondent, v. CECIL BUBNASH, Appellant.

No. 10261.

Submitted November 7, 1961. Decided November 13, 1961.

366 P.2d 155.

Robert T. Merrill, Great Falls, for appellant.

Gene B. Daly, County Atty., John C. Hall, Deputy County Atty., Great Falls, Forrest H. Anderson, Atty. Gen., Alfred Coate, Deputy Atty. Gen., for respondent.

PER CURIAM.

On February 24, 1961, in the district court of Cascade County, Montana, upon the trial of Cecil Bubnash, charged by information with the crime of burglary in the first degree and a prior conviction of felony, the jury returned a verdict of guilty, found the prior conviction true, and fixed the punishment at ten years in the state prison. Upon his arraignment upon this information the defendant had requested the aid of court-appointed counsel and the district court appointed John H. Cor-

coran, Esq., as defense counsel. On the opening morning of the trial, such defense counsel moved the court to associate with him in the conduct of the defense Robert T. Merrill, Esq., which motion was granted by the court. These two attorneys participated throughout the trial in the defense to the charge. On February 27, 1961, sentence was imposed in accordance with the jury verdict in the presence of such defense counsel.

On April 25, 1961, the defendant, at that time an inmate in the state prison, filed in the district court of Cascade County a notice of appeal from the judgment and certain other motions, the contents of which other motions are not available to this court.

On May 24, 1961, the district court made an order granting a motion for appointment of defense counsel to prosecute the appeal of the defendant, and appointed Robert T. Merrill as such counsel.

On April 28, 1961, Bubnash filed in this court a motion for additional time in which to file briefs, and on May 2, the Chief Justice advised Bubnash that such additional time would be granted, but that first a certified copy of the notice of appeal should be filed in this court and advised him to request the clerk of the district court to transmit such certified copy to the clerk of the Supreme Court.

On May 22, 1961, such certified copy of the notice of appeal was filed here, having been received through the county attorney's office of Cascade County, and on the same day an order was made granting Bubnash sixty days in addition to the time allowed by the rules of this court for the purpose of preparing, serving and filing appellant's brief as he had requested.

On June 26, 1961, Robert T. Merrill caused to be filed in the office of the clerk of this court an affidavit in support of application for extension of time in which to file notice of appeal, in which Merrill averred that because of the press of business and uncertainty as to what had been done in the matter, he had been unable to prepare such documents as may

be necessary and proper in the case to preserve the legal rights of the defendant; further that he had been advised by the defendant that he had been granted sixty days by the Supreme Court in whiich to file briefs; and counsel requested an order granting defendant and appellant sixty days in which to prepare, serve and file his notice of appeal, from and after June 27, 1961.

On June 28, 1961, the Chief Justice by letter advised Merrill that there was no legal authority for the application he had made, but in any event, Bubnash on April 25, had filed a notice of appeal in the district court and a copy thereof had been filed in this court on May 22. The Chief Justice further advised that on May 22, Bubnash had been granted sixty days in addition to the time allowed by the rules for the purpose of preparing, serving and filing his brief, and that such time would not expire until August 22, 1961, and that such extension would take care of the matter and that Merrill would undoubtedly be able to prepare the brief and record on appeal within that time, but that if there was any further question about the matter the Chief Justice should be advised.

An unsigned letter upon the stationery of Mr. Merrill dated June 29, 1961, was received by the Chief Justice, which letter advised that as far as Merrill could tell the defendant had only the judgment roll, the court minutes, and such motions and petitions to present to the Supreme Court, and that while he was extremely reluctant to present appeals under such circumstances he was court-appointed and wanted to perform his duties in the best possible manner.

On August 14, 1961, the clerk of this court received through the mail a single certified copy of the register of actions, Cascade County, Montana, in the case of State of Montana v. Cecil Bubnash, and four separate sheets of paper which purport to be copies of the district court minutes in this case, commencing December 16, 1960, and concluding with February

27, 1961, the last sheet of which is certified by the clerk of the district court of Cascade County, Montana.

Nothing further was filed in this court, and on October 10, 1961, the cause was set for oral argument, on November 7, 1961. On the afternoon of November 6, Merrill appeared in the office of the Chief Justice and requested permission to examine the papers sent to this court by the clerk of the district court of Cascade County, Montana, stating he had never seen them and wanted to look them over, which he did at that time and then returned them to the Chief Justice.

On November 7, 1961, Merrill appeared before this court and stated that he was submitting the case upon the record. At that time the court inquired of counsel what record he was referring to, and he responded that it was the judgment roll. There was not then and there is not now before this court any record in this matter, as required under the provisions of section 94-8112, R.C.M.1947, the only papers filed being those heretofore referred to.

Rule VI, section 1, of the Rules of this Court provides:

"Appellant is charged with the duty of having the transcript perfected, served and filed with the Clerk of this Court, in accordance with the statutes and these Rules."

Section 2 provides that the "transcript shall be served and filed within sixty days after the appeal is perfected."

Rule II, section 4, provides that six copies of each transcript must be lodged with the clerk of this court. While the statute requires the clerk of the district court to furnish the record it does not contemplate that the number of copies required by our rule shall be furnished and clearly this obligation rests on counsel for the appellant.

 Mr. Merrill advises us that after his appearance in this court he inquired of the clerk's office in Cascade County and ascertained that such office was not sure of the contents of the judgment roll. The obligation of advising the clerk's

office as to what would be required for the record on appeal was counsel's and by his own admission his inquiry was made long after the time fixed for the filing thereof in this court, and after the cause was supposed to have been presented and argued before this court. It is no excuse that counsel was not aware that the proper record was not before this court; that was his obligation, and if he was not prepared to fulfill such duty he had but one alternative, to request the district court which appointed him as defense counsel to relieve him of the assignment. While counsel states that he had discussed this appeal with the district court and advised the court that he could not find any merit in the appeal, he made no effort to be relieved of his duties as defense counsel nor made any showing in this court.

The responsibilities of defense counsel are contained in the Canons of Ethics adopted by the American Bar Association. Canon 4 provides:

"A lawyer assigned as counsel for an indigent prisoner ought not to ask to be excused for any trivial reason, and should always exert his best efforts in his behalf."

Cannon 5, in part, provides:

"It is the right of the lawyer to undertake the defense of a person accused of crime, regardless of his personal opinion as to the guilt of the accused; otherwise innocent persons, victims only of suspicious circumstances, might be denied proper defense. Having undertaken such defense, the lawyer is bound, by all fair and honorable means, to present every defense that the law of the land permits, to the end that no person may be deprived of life or liberty, but by due process of law."

The statutes, rules of this court, and these Canons set forth the duties, responsibilities, and code of conduct of defense counsel and no further discussion is necessary because what we have heretofore stated clearly shows the incompetent, ineffective manner in which this appeal has been handled.

In State v. Blakeslee, 131 Mont. 47, 54, 306 P.2d 1103, 1107, this court used this language:

"In summary: This defendant may be as guilty as ever felon not hanged. He is nevertheless entitled to a trial consistent with our Constitution and Codes. Such a trial he has not had. Specifically, he is guaranteed counsel by appointment of the court, if he cannot himself employ an attorney. If then the court recognizes this right as was the case here, it is equally the duty of the court to make the appointment of counsel effective, i.e., to give court-appointed counsel a reasonable time for the preparation of his case after he has been appointed."

In that cause the court was addressing itself to the duty of the court but the same reasoning applies here where the court did recognize its duty and made an appointment, but by reason of the dereliction of duties and responsibilities on the part of court-appointed counsel the defendant has been denied his right to effective representation by counsel on his appeal.

It is therefore ordered that this cause be remanded to the district court of Cascade County, Montana, with directions to said court to forthwith revoke the appointment of Robert T. Merrill as counsel for the defendant on this appeal, and to appoint a competent and effective counsel to properly prosecute the same.

All proceedings in this court are stayed to afford succeeding counsel an opportunity to properly perfect the appeal in accordance with the statutes and rules of this court.

It is so ordered.