No. 10383. CECIL BUBNASH, Petitioner, v. STATE OF MONTANA, and WARDEN FLOYD E. POWELL, Respondents.

Submitted December 11, 1961. Decided December 20, 1961.

367 P.2d 319.

No counsel.

PER CURIAM.

This is a petition for writ of habeas corpus by Cecil Bubnash, an inmate of the Montana State Prison, appearing pro se.

Previously we have had this matter before us. Particularly in Cause No. 10261, State v. Bubnash, 139 Mont. 517, 366 P.2d 155, in an opinion handed down November 13, 1961, this Court ordered the cause to be remanded to the District Court of Cascade County for appointment of counsel to represent this same petitioner to perfect his appeal from the judgment of conviction for the crime of burglary. We also stayed all proceedings to afford counsel an opportunity to properly perfect the appeal. New counsel has been appointed and has appeared in this Court pursuant to his duties of perfecting the appeal. The appeal has not been perfected at this time.

The first asserted ground in the petition for writ of habeas corpus is that three court-appointed counsel had withdrawn from the defense of the petitioner prior to his trial and that a fourth court-appointed counsel did defend him together with additional counsel at his trial, but did so ineffectively at trial and on appeal to this Court. What we have said above answers this contention. Petitioner now has his sixth counsel to represent him, but apparently he still knows more than various counsel and chooses to represent himself.

The second ground for the petition, if we understand it, is that there was a forced verdict, in that, according to petitioner (but not according to the Court minutes), the trial judge at 11:00 p.m. advised the jury that unless a verdict was reached by midnight, arrangements would be made to provide sleeping facilities for the night. Then petitioner contends that at 11:35 p.m. the jury returned a verdict. Thus he contends it was a forced verdict and he was deprived of substantial rights. Again as we have heretofore held, the matter of the appeal provides the process for presentation of claimed errors. The petitioner does not seem to give his own counsel the information he contends for.

Finding no merit in the petition, it is hereby denied.

It is ordered that a copy of this opinion be sent to William Conklin, new court-appointed counsel for the petitioner.