JOHN J. TOMICH, Petitioner v. THE STATE OF MONTANA, and EDWARD ELLSWORTH, Warden of the Montana State Prison, Respondents.

No. 10563

Submitted February 25, 1963. Decided March 1, 1963.

379 P.2d 114.

John J. Tomich, pro se.

PER CURIAM.

This is an application pro se by one John J. Tomich, an inmate of the Montana State Prison.

On January 18, 1963, about one month ago, this same applicant filed a similar application, and we refused to take jurisdiction in Cause No. 10549. As revealed there, the same applicant has been here in November 1961, September 1961, June 1961, and January 1961.

We have two handwritten applications containing the same matters previously rejected. However, this time, the applicant would inject what he terms incompetency of his own counsel in various ways in the conduct of his trial. He now states that counsel who represented him was not of his own choosing, but selected for him by "friends". He further makes

groundless assertions concerning conduct of his counsel in the trial of his case which we have previously discussed. In addition, he asserts that his counsel did not subpoena witnesses for his defense and as he puts it, "to compound gross inefficiency, he refused to allow this appellant to take the witness stand in his own defense." Other assertions that we will not dignify by repetition were also made. As we observed previously, defense counsel was and is an experienced attorney, and we will not "second guess" nor speculate on tactics of the trial.

Because of the repetition of this application, we think it appropriate to quote the observations of the Supreme Court of New Jersey in State v. Buffa, 65 N.J.Super. 421, 168 A.2d 49, 50. There it was said:

"The courts are always open, as they should be, to defendants who have been dealt with unfairly. We are and must remain sensitive to claims that have any show of merit. But we should not be blind to claims that have no substance whatever, conceived in prison leisure, and —as is quite evident to us from a consideration of more than 100 applications in the recent past—composed with the help of what appears to be a small corps of 'prison lawyers,' who have law books, the latest decisions of our appellate courts and other courts, typewriters, legal paper, and all that is necessary for producing a constant flow of applications, supporting papers and briefs.

"Defendant's claim of having been without the help of competent counsel at the time of trial and sentence is one that by now has a rubber-stamp familiarity."

And then, in the same case, the court quoting from State v. Wolak, 26 N.J. 464, 140 A.2d 385, said:

" '* * * We deplore the tendency—which appears entirely too often in the claims of prisoners after conviction—to criticize members of the bar who have labored

earnestly and well in their behalf and in most cases without compensation. [Citing cases.]' "

The applicant again asserts that some evidence was admitted which had been obtained by illegal search; that the evidence was all circumstantial and not proven beyond a reasonable doubt; that proof of four prior convictions of felony was insufficient and had the effect of placing the defendant in double jeopardy; and that in any event the proof of first degree burglary as distinguished from second degree burglary was not sufficient.

Also, it appears from the application that Tomich applied to the District Court of the Eighth Judicial District, R. J. Nelson, District Judge, for another Writ of Error Coram Nobis on February 5, 1963, and that Judge Nelson, the Judge who previously tried the case, again rejected the application.

We are satisfied from our many examinations of this entire matter that no cause exists for granting the application of Tomich and therefore the application is denied.