STATE OF MONTANA, Plaintiff and Respondent v. BRUCE NOLLER, Defendant and Appellant.

No. 10496

Submitted March 16, 1963. Decided May 9, 1963.

381 P.2d 293.

John D. Gillan, Burton O. Bosch (argued orally), Havre, for appellant.

Robert D. Morrison, Havre, Forrest H. Anderson, Donald A. Douglas (argued orally), Helena, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of conviction of first degree burglary. By information defendant was charged with the crime of first degree burglary with a prior conviction of a felony. Pursuant to the conviction defendant was sentenced to twenty years in the state penitentiary.

Upon arraignment, defendant plead not guilty to the crime

of burglary, but admitted the prior conviction. At that time he stated he did not care to have an attorney, but later asked for one, and some forty-one days prior to trial the court appointed an attorney to defend him. Trial was had before a jury on May 16, 1962.

The evidence discloses that Leo Schaefer, the owner of a Gamble store in Rudyard, Montana, while at his home around midnight on the night of December 22, 1961, received an alarm which indicated that some person had entered his store building. Schaefer contacted the deputy sheriff and an ex-deputy sheriff and all three went to the back of the store. The back door had been forced open. Mr. Schaefer and the deputy entered and saw three persons, one of whom Schaefer later identified as the defendant. The three persons fled by way of the front door of the store. After pursuit, all three were captured. When defendant was apprehended he had a rifle and box of ammunition taken from the store in his possession. A revolver that belonged to Schaefer was found on the route of the chase, and other items which were attempted to be taken were recovered in the store. Schaefer testified that he did not lose any merchandise from the store, it all having been recovered.

There is testimony in the record about an abandoned automobile found at the outskirts of Rudyard which was linked to the trio. The automobile contained a pistol, tools, cans, and vodka bottles.

Defendant, appellant here, is represented on appeal by different counsel than represented him at the trial. Counsel now, is as was in the trial court, court appointed.

Defendant lists two specifications of error. First, he specifies as error the entering of judgment against the defendant for the reason that he did not have a fair trial. The substance of defendant's argument on that specification is that the defendant is guaranteed the right to a fair trial under the Sixth Amendment of the Constitution of the United States and

Article III, § 16 of the Constitution of Montana, and he did not have a fair trial because he was deprived of effective trial counsel. In this regard defendant contends that the record is void of objection by his trial counsel to much incompetent, irrelevant and immaterial testimony; that such was then available for comment by the county attorney and for consideration by the jury. These factors, appellant asserts, deprived him of a fair trial.

In People v. Wein, 50 Cal.2d 383, 326 P.2d 457, 473, in considering a problem of adequacy of defendant's representation by his retained counsel, the court stated:

"But even if we concede that defendant's attorney may not have used the best of strategy in handling the *voir dire* examination and in failing to challenge some of the prosecutor's remarks, defendant still has not made that type of showing which alone would compel us to conclude that he was deprived of due process within the meaning of the constitutional guarantees. U.S.Const. 14th Amend. § 1. The handling of the defense by counsel of the accused's own choice will not be declared inadequate except in those rare cases where his counsel displays such a lack of diligence and competence as to reduce the trial to a 'farce or a sham.' Lunce v. Overlade, 7 Cir., [1957], 244 F.2d 108, 110, [74 A.L.R.2d 1384]; see also Taylor v. United States, 9 Cir. [1956], 238 F.2d 409, 413-414, certiorari denied, 353 U.S. 938, 77 S.Ct. 817, 1 L.Ed.2d 761; United States ex rel. Feeley v. Ragen, 7 Cir. [1948], 166 F.2d 976, 980-981; Hendrickson v. Overlade, D.C.N.D.Ind., 131 F.Supp. 561, 562-564."

The above rule has been cited or applied in the following Federal cases: United States v. Wight (2 Cir., 1949), 176 F.2d 376; Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667; certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002; United States v. Edwards (D.C.Dist.Col.1957), 152 F.Supp. 179, affd., 103 App.D.C. 152, 256 F.2d 707; United States v. Malfetti

(D.C.N.J.1954), 125 F.Supp. 27; United States v. Bloom (D.C. N.Y.1956), 144 F.Supp. 808.

The above-cited cases involved both retained and court-appointed counsel. The Edwards case, supra, cites, but does not attempt to discriminate between cases involving retained or court-appointed counsel, and contains an excellent discussion by District Judge Holtzoff.

Evidently the distinction, if any there is, between cases involving representation by retained or court-appointed counsel, has been ignored in applying the aforementioned rule. We point this out, not to infer that we will make any distinction, but because we do not wish it to appear that we rely on a rule that has been stated solely in cases involving retained counsel.

In the instant case we will not try to second guess as to what might have been better trial strategy. Hindsight cannot now be used to say what perhaps could have been done to achieve a possible but highly speculative result. Defendant's court-appointed trial counsel has been a long-time practitioner in this state. We cannot say that defendant did not have adequate representation in the court below. See our discussion in Tomich v. State, 141 Mont. 487, 379 P.2d 114; In re Petition of Davis, 141 Mont. 565, 380 P.2d 880. A reading of the testimony convinces one beyond any reasonable doubt of what might be termed an "open and shut" case. Just what any defense counsel, faced with such evidence, could do is highly speculative.

Defendant's second specification of error is that the court erred in pronouncing judgment which was cruel and excessive. Defendant was convicted of the crime of first degree burglary. Also, it should be noted that he had a prior conviction of a felony. The fixing of the penalty was within the discretion of the trial court. There was no error in the imposition of the penalty. State v. McLeod, 131 Mont. 478, 311 P.2d 400.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, DOYLE and ADAIR concur.