No. 13031

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DANIEL E. McELVEEN,

Defendant and Appellant.

Appeal from: District Court of the Fourth Judicial District,
Honorable Edward Dussault, Judge presiding.

Counsel of Record:

For Appellant:

Donald W. Molloy, Law Student, argued, Missoula, Montana
David J. Patterson appeared, Missoula, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
John F. North appeared, Assistant Attorney General,
Helena, Montana
Richard P. Heinz, County Attorney, argued, Polson,
Montana

Submitted: November 5, 1975

Decided: DEC 3 0 1975

Filed: DEC 3 0 1975

Thomas J. Kearney
_____
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is a petition for post-conviction relief from a conviction and sentence of four years in the state prison on a charge of felony theft in the district court, Lake County.

Petitioner was tried on one count of felony theft based on an information filed February 13, 1975, charging petitioner with purposely or knowingly obtaining or exerting unauthorized control over three trailer house tires and rims, valued at more than $150, with the purpose of depriving the owner thereof.

Petitioner had a court appointed counsel for the jury trial. Prior to, during, and after the trial, petitioner claimed his appointed counsel inadequately represented him at all times in question. The appointed counsel motioned to withdraw as attorney of record subsequent to the conviction and sentencing, this motion was granted by the district court. The Montana Defender Project brought this petition on behalf of petitioner.

The issue raised by this petition is whether petitioner received adequate representation by his court-appointed attorney both in preparation and investigation for trial, as well as at the trial.

In State v. Blakeslee, 131 Mont. 47, 54, 306 P.2d 1103, this Court stated the fundamental principle:

> "This defendant may be as guilty as ever felon
> not hanged. He is nevertheless entitled to a
> trial consistent with our Constitution and Codes.
> * * *"

The right to counsel is expressly recognized in the constitutions of the United States and the State of Montana. The Sixth Amendment to the United States Constitution provides:

> "In all criminal prosecutions the accused shall
> enjoy the right to a speedy and public trial * * *
> and to have the assistance of counsel for his
> defense."

This concept has been held applicable to the states by virtue

of the due process clause of the Fourteenth Amendment to the United States Constitution. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L ed 2d 799.

In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L ed 1461, 1465, Mr. Justice Black said of the Sixth Amendment protections:

> " * * * The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not 'still be done.' It embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or liberty, wherein the prosecution is presented by experienced and learned Counsel."

Not only is the assistance of counsel " * * * often requisite to the very existence of a fair trial", Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L ed 2d 530, 535, but such assistance must be effective. The Ninth Circuit Court of Appeals has recognized the right to effective counsel in Wilson v. Rose, 366 F.2d 611, 616:

> " * * * In short, effective assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments because it is 'essential to a fair trial'."

The right to counsel has always been a part of Montana constitutional law. Article III, §16, 1889 Montana Constitution, provides:

> "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel * * *."

Article II, §24, 1972 Montana Constitution, contains the same language, thereby continuing the protection. This language has been interpreted by this Court to encompass effective assistance of counsel. State v. Bubnash, 139 Mont. 517, 366 P.2d 155.

Although petitioner was represented by court-appointed counsel, a question remains as to whether the assistance was effective, so as to ensure a fair trial. As the Alaska Supreme Court said in Risher v. State, 523 P.2d 421, 423:

" * * * The mere fact that counsel represents an accused does not assure this constitutionally-guaranteed assistance. The assistance must be 'effective' to be of any value."

See, also, <u>Wilson</u>, supra.

The Third Circuit Court of Appeals has said in Moore v. United States, 432 F.2d 730, 735:

"The adequacy of the representation which petitioner received, which is the real issue in this case, can only be decided on an evaluation of the services rendered on his behalf. * * *"

To determine the adequacy of the representation, we must look at the services rendered by appointed counsel in the context of the reasoning set forth by Justice John C. Harrison in State v. Forsness, 159 Mont. 105, 110, 495 P.2d 176:

"Claimed inadequacy of counsel must not be tested by a greater sophistication of appellate counsel, nor by that counsel's unrivaled opportunity to study the record at leisure and cite different tactics of perhaps doubtful efficacy. Success is not the test of efficient counsel, frequently neither vigor, zeal, nor skill can overcome the truth."

Some tactic must be employed at the trial and some course must be designed or formulated for the defense, from the time of counsel's appointment to represent a defendant until a final adjudication of the matter. The tactics employed, lack of tactics, will be dealt with below.

This Court has recognized the test against which claims of inadequacy of counsel are considered that has been adopted in a majority of other jurisdictions. State v. Noller, 142 Mont. 35, 37, 381 P.2d 293. The test, known as the "farce and sham test", is set out by the Fifth Circuit Court of Appeals in Williams v. Beto, 354 F.2d 698, 704:

"It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory,

in bad faith, a sham, a pretense, or without adequate opportunity for conference or preparation."

In considering a question of the adequacy of a defendant's representation by counsel, this Court in <u>Noller</u> quoted the California case of People v. Wein,/50 Cal.2d 383, 326 P.2d 457, for the proposition that:

" * * *The handling of the defense by counsel of the accused's own choice will not be declared inadequate except in those rare cases where his counsel displays such a lack of diligence and competence as to reduce the trial to a 'farce or a sham' * * *."

This Court went on to say in <u>Noller</u> at p. 38:

"Evidently the distinction, if any there is, between cases involving representation by retained or court-appointed counsel, has been ignored in applying the aforementioned rule. * * *"

And then noted in <u>Noller</u>:

" * * * Hindsight cannot now be used to say what perhaps could have been done to achieve a possible but highly speculative result. * * *"

but if the record were not one which might be termed "open and shut", such speculation would not be inappropriate. <u>Williams</u>, supra.

The record in the instant case contains facts analogous to the reasons expressed in the landmark United States Supreme Court decision of Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L ed 158, 170, wherein the court said:

" * * * The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence."

It is well established in Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L ed 2d 167, 171, that:

> " * * * The right to counsel is not a right confined to representation during the trial on merits. * * *"

In order to represent a defendant adequately, it is necessary that counsel prepare for trial by attempting to discover all the facts and circumstances of the crime, including investigating eyewitness accounts, as such investigation will inevitably affect the course of action followed in advising and defending the accused.

In the instant case the record shows there was little, if any, attempt by appointed counsel to substantiate petitioner's version of what transpired on the day during which the theft occurred. Nor was there an investigation of the police report as related by the State's principal witness to ascertain its accuracy. Although a possibility exists that such an investigation could only be inimical to petitioner's position, it is incumbent on counsel to make a thorough investigation of the persons and events involved in the crime.

As the Third Circuit said in Moore v. United States, 432 F.2d 730, 735:

> " * * * Adequate preparation for trial often may be a more important element in the effective assistance of counsel to which a defendant is entitled than the forensic skill exhibited in the courtroom. The careful investigation of a case and the thoughtful analysis of the information it yields may disclose evidence of which even the defendant is unaware and may suggest issues and tactics at trial which would otherwise not emerge. * * *"

Due to the lack of a thorough investigation of the facts and circumstances surrounding the taking of the tires, we cannot determine whether any pretrial motions were potentially available to petitioner. No attempt was made to subpoena witnesses to verify petitioner's story to assist in the establishment of some defense, such as alibi, or to prove petitioner did not do

the act with which he was charged.

The United States Supreme Court stated at p. 165 in Powell:

> "It is not enough to assume that counsel thus precipitated into the case thought there was no defense and exercised their best judgment in proceeding to trial without preparation. Neither they nor the court could say what a prompt and thorough-going investigation might disclose as to the facts. * * *"

The United States District Court for the district of Montana has held the failure to make a pretrial motion to suppress as required under Montana law, and the refusal to subpoena alibi witnesses without attempting to investigate what they might know about the case, or their reliability, requires a finding that a defendant was without effective assistance of counsel. Application of Tomich, 221 F.Supp. 500, affirmed 332 F.2d 987. The United States District Court for the Northern District of Texas stated in Smotherman v. Beto, 276 F.Supp. 579, 588:

> " * * * The lawyer who does not probe, does not inquire, and does not seek out all the facts relevant to his client's cause is prepared to do little more than stand still at the time of trial."

The failure to object to improper evidence, standing alone, is not sufficient grounds to support a claim of inadequate representation, Hester v. United States, 303 F.2d 47 (10th Cir.), cert. denied 371 U.S. 847, 83 S.Ct. 80, 9 L ed 2d 82, but failure does provide support to substantiate such a claim. The Fifth Circuit Court of Appeals in Williams at p. 706 observed:

> "Court appointed counsel is no different to any other lawyer. He is still a lawyer, he is still practicing law, and he is no less confronted by difficult decisions of tactics and strategy. He cannot stand still and do nothing. That indeed might be the best evidence of incompetency or infidelity, or ineffectiveness, or all three. * * *"

Only two objections were made by the defense during the course of the jury trial. One, which was sustained, was made

by petitioner himself to the questions of the county attorney based on petitioner's past criminal record. The only objection made by petitioner's appointed counsel was during the State's presentation of its rebuttal case, this objection was sustained.

Although this Court disallowed in Noller hindsight as a mechanism of assessing counsel's professional judgment and tactics employed at trial, the record reveals a pattern of presentation of evidence which is not consistent with the theory of the laws of evidence. The jury is composed of laymen, not versed in the sophistication of the laws of evidence, thus procedures have been developed for jury trials to place the burden on counsel to timely object to offered evidence before it is given to the jury. The presiding judge has the opportunity to decide whether or not the trier of fact should be allowed to hear the evidence. In this way much irrelevant, immaterial, and prejudicial testimony is kept from the province of the jury. When the course is not observed by counsel there is a great risk the defendant will not be found guilty of the crime for which he is charged, but guilt will be found due to some prior criminal record or some circumstances not relevant to the crime at hand. One of the bases for the necessity of representation by counsel is to insure a fair trial. Counsel's effectiveness is based on his knowledge and use of the laws of evidence. If the knowledge is not used, the defendant is in little better position than if he were to defend himself.

More important than petitioner's guilt or innocence in this case is the burden of whether or not the conviction received was obtained fairly and in accordance with federal and state constitutional principles.

The right to a fair trial encompasses the right to counsel, but the right to counsel would be illusory if it did not entail

the right to the effective assistance of counsel.  The federal court in Smotherman at p. 586 said:

> "Adequate representation in a criminal proceeding is the cumulative act of affording the defendant an adequate defense.  Defense attorneys are called upon to apply their knowledge, experience and talents to a given set of facts and to derive from such fusion a defense which the Sixth Amendment requires to be adequate, not miraculous. When the adequacy of a defense rendered by an attorney is subjected to attack, the relevant consideration is not whether the case was lost where it could have been won, but whether counsel 'stood still and did nothing', [citation omitted] to the extent that his representation failed to render reasonably effective assistance to the accused. [citations omitted]  When appearance of counsel takes on the cloak of pro forma rather than that of zeal and action, the defendant has not had his day in court."

The record before us in this case indicates that the conduct of this trial by court appointed counsel deprived petitioner of effective representation.  Therefore, we grant petitioner's petition for post-conviction relief, ordering the district court to set aside the conviction and sentence, without prejudice.

-------------------------------------------
                          Chief Justice

We concur:

-------------------------------------------

-------------------------------------------

-------------------------------------------

  Justices

- 9 -

Mr. Justice Wesley Castles and Mr. Justice John Conway Harrison dissenting:

We dissent.

Although we do not disagree with any of the law stated in the majority opinion, we disagree on the facts of the representation.

The defendant, here, is a "stir-wise" individual with ten pages of "rap sheet" showing numerous arrests and convictions in many states of the nation. By his own claim he has attended law schools and studied law and is a self-styled cell block lawyer. His guilt in the instant case is clear beyond any possible doubt. The background of this case indicates to us that he had planned an appeal based upon "incompetence" of counsel even before his trial. The affidavit of defense counsel shows that the defendant never told a consistent story to his own counsel, gave him no facts, ignored counsel's advice, gave him handwritten directions on how to handle the trial, and presented an impossible defense situation. Counsel should be commended for trying to defend him as well as he could. The handwritten directions mentioned are a classic "Dick Tracy" comic strip diatribe.

Faced with an impossible defense posture, counsel should not be criticized nor should the defendant have a new trial.

_Wesley Castles_

_John Conway Harrison_

Justices