No. 13240

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RICHARD ELLIOTT BROOKS,

Defendant and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

William E. Gilbert argued, Bozeman, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
William J. Anderson, Assistant Attorney General,
argued, Helena, Montana
Donald E. White argued, County Attorney, Bozeman,
Montana

---

Submitted: September 2, 1976

Decided: SEP 24 1976

Filed: SEP 24 1976

Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by the defendant from a judgment of conviction of aggravated assault entered upon a jury verdict in the district court of Gallatin County.

Defendant was charged September 2, 1975, with aggravated assault, a violation of section 94-5-202(1)(c), R.C.M. 1947. On this same date he was arraigned, with trial being set for September 16, 1975, two weeks from the date of arraignment. Prior to arraignment, defendant had retained and was represented throughout the arraignment and trial by Joseph B. Gary, Esq. Trial was held on September 16, 1975. Both at the outset of trial and at the close of the State's case Gary informed the district court that he was ready to proceed. After a jury trial defendant was convicted and sentenced to 10 years in prison. Following this conviction, Gary stated by affidavit: that the district court informed him on September 11, 1975 (nine days after arraignment and five days prior to the trial date) that the trial would be continued due to the press of other trials, whereupon he ceased trial preparation; that on September 15, 1975, the district court informed him that trial would be held as originally scheduled on September 16, 1975; that as a result he was unable to adequately prepare for trial since he did not interview the defense witnesses until the day of trial; that he had no opportunity to interview the State's witnesses and no time to plan his defense.

The only issue presented on appeal is whether the district court, by its action as related by Gary, rendered defendant's representation by counsel ineffective.

It has been well settled by this Court and others that a defendant is entitled to effective assistance of counsel under the United States Constitution and the Montana Constitution of 1972. For a discussion of the cases establishing this right see

the recent decision of this Court in State v. McElveen, ____

Mont.____, 544 P.2d 820, 822, 32 St.Rep. 1277.  In answering

the issue as presented this Court need not concern itself with

whether or not defendant was entitled to effective assistance

of counsel, but what constitutes "effective assistance of coun-

sel".

We note the fact that counsel involved, Joseph B. Gary,

was retained by defendant and not appointed by the district

court.  Furthermore, Gary was present at every stage of the pro-

ceeding from arraignment to conviction.

The rule for weighing the effectiveness of retained

counsel is quoted in McElveen, citing People v. Wein, 50 Cal.2d

383, 326 P.2d 457:

> "' * * * The handling of the defense by counsel
> of the accused's own choice will not be declared
> inadequate except in those rare cases where his
> counsel displays such a lack of diligence and
> competence as to reduce the trial to a "farce or
> a sham" * * *.'"

Also see State v. Noller, 142 Mont. 35, 381 P.2d 293; People v.

Maldonado, 3 Ill.App.3d 216, 278 N.E.2d 225; Tompsett v. State of

Ohio, 146 F.2d 95, 98, (6th Cir. 1944), cert.den. 324 U.S. 956,

65 S.Ct. 916, 89 L.Ed 1424; Hendrickson v. Overlade, 131 F.Supp.

561 (N.D. Ind. 1955).

Defendant had chosen and retained Gary to represent

him from arraignment through trial and was so represented with-

out any objection on defendant's part as to the competency of

counsel or the adequacy of the representation provided.  Now

after an adverse result at trial, and the affidavit of trial

counsel, defendant raises this objection.  This squarely meets

the rationale for applying the above stated test, as set out

in the Tompsett case:

> "The concept of this rule is that the lack of
> skill and incompetency of the attorney is imputed
> to the defendant who employed him, the acts of

- 3 -

> the attorney thus becoming those of his client
> and so recognized and accepted by the court,
> unless the defendant repudiates them by making
> known to the court at the time his objection to
> or lack of concurrence in them.  A defendant
> cannot seemingly acquiesce in his attorney's
> defense of him or his lack of it, and after the
> trial has resulted adversely to defendant,
> obtain a new trial because of the incompetency,
> negligence, fraud or unskillfulness of his
> attorney."

Applying the doctrines previously set forth and examining the record of the trial, we find no abuse of defendant's right to effective counsel.  All witnesses testified at the trial and no new defense witnesses would be called should a new trial be held.  Furthermore, defendant's trial counsel, through direct and cross-examination, offered all defenses admittedly available (self-defense, protection of his customers, and lack of cooperation by local law enforcement).  Counsel stated in his affidavit that lack of preparation hindered his planning of a defense and effective trial tactics.  As stated by the Second Circuit Court of Appeals in United States v. Denno, 313 F.2d 364, 374, cert.den. 372 U.S. 978, 83 S.Ct. 1112, 10 L Ed 2d 143:

> " * * * Poor tactics of experienced counsel,
> however, even with disasterous result,  may
> hardly be considered lack of due process * * *."

The affidavit filed by Gary does not change the position taken by this Court.  On two separate occasions, prior to trial and at the close of the State's case in chief, Gary informed the district court that he was ready to proceed.  In addition to this, Gary had nine days following arraignment before the district court informed him of its intention to continue the case.  Examination of the record makes it appear that Gary did not  enter the trial as flat-footed and totally unprepared as is contended.  Gary provided defendant more than the minimum required for effective assistance of retained counsel and the trial, on record, was far from "a farce or a sham".

- 4 -

Considering the facts, the district court record and the doctrines applicable to this appeal, we find that the district court did not render defendant's representation by counsel ineffective. In accordance, the judgment is affirmed.

_____
Chief Justice

We concur:

_____
Wesley Castles

_____
Frank J. Haswell,

_____
John Conway Harrison
Justices

- 5 -