No. 14209

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

L. R. BRETZ,

Petitioner,

-vs-

ROGER CRIST, WARDEN,

Respondent.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitoner:

Moses, Tolliver and Wright, Billings, Montana
Charles F. Moses argued, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert Keller argued, Special Assistant Attorney General,

_____

Submitted: June 8, 1978

Decided: JUL 1 8 1978

Filed: JUL 1 8 1978

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original proceeding for a writ of habeas corpus by an inmate of Montana State Prison. Petitioner seeks his release from custody on the ground that his conviction is invalid because he was denied a speedy trial.

Petitioner filed a pro se petition for a writ of habeas corpus on March 14, 1978. Petitioner is currently serving a 56 year sentence in the State Prison. This sentence was imposed upon petitioner's conviction of eighteen various criminal counts in Cascade County on December 13, 1976. Petitioner challenges the legality of his detention because over 800 days elapsed from the date the information was filed against him and the date he was brought to trial. Petitioner argues that this length of time violated his right to a speedy trial.

Counsel was appointed by this Court to represent petitioner. Briefs and memoranda were filed, oral argument was heard, and the matter was submitted to the Court for decision.

We deny the relief requested by petitioner.

Petitioner's conviction is now on appeal to this Court. That appeal is Supreme Court Cause No. 13826. Petitioner's brief was filed with this Court on June 8, 1978. (The State has not yet filed its answering brief in that appeal.) During oral argument, counsel for petitioner admitted that the issue of a lack of a speedy trial was being raised in petitioner's appeal from his conviction.

This Court has previously adopted the rule that any error in a criminal trial, which is reviewable on appeal from the conviction, will not be considered in a habeas corpus proceeding. Bubnash v. State (1961), 139 Mont. 645, 367 P.2d 319. Petitioner, in his appeal from his conviction, is alleging that his lack of a speedy trial is reversible error. We will have to decide that issue when his appeal is submitted to this Court for a decision.

At this time, we cannot decide that issue on a petition for a writ of habeas corpus.

Petitioner has attempted this procedure in the past and relief was similarly denied. In 1975, petitioner was convicted of obtaining money and property by false pretenses and was imprisoned at the State Prison. While his conviction was on appeal, petitioner filed a petition for a writ of habeas corpus. In that petition, he claimed that his conviction was invalid because it violated the constitutional provision against double jeopardy. We held that since the double jeopardy issue could be raised on the appeal from his conviction, petitioner was not entitled, in the habeas corpus proceeding, to release from imprisonment. State ex rel. Bretz and Cline v. Sheriff (1975), 167 Mont. 363, 539 P.2d 1191. We believe that this earlier decision, where like circumstances appeared, is controlling in regard to petitioner's current request.

> "Ordinarily, the writ of habeas corpus will not be granted when there is an adequate remedy by writ of error or appeal, or by writ of certiorari. Accordingly, a petition for habeas corpus cannot be entertained during the pendency of a direct appeal from the original proceedings, and both remedies may not be pursued simultaneously. * * *" 39 C.J.S. Habeas Corpus §13.

The petition for writ of habeas corpus is denied.

_____
Chief Justice

We concur:

_____

_____

Justices

Hon. Frank E. Blair, District Judge, sitting for Mr. Justice Daniel J. Shea.

- 3 -